1

**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330990)
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Attorneys for Plaintiffs and the Putative Classes*

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/10/2025 1:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

| | | |
|---|---|---|
| ERICA HAMPTON and VANESSA TREVINO, on behalf of herself and all others similarly situated, | ) ) ) | Case No.  25STCV06824 |
| Plaintiffs, | ) ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| CARAWAY HOME, INC., | ) ) ) | |
| Defendant. | ) ) | |

Plaintiffs Erica Hampton ("Hampton") and Vanessa Trevino ("Trevino") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action complaint against Defendant Caraway Home, Inc. ("Defendant" or "Caraway"). Plaintiffs make the following allegations based upon, *inter alia*, the investigation made by their counsel, and based upon information and belief, except as to those allegations specifically pertaining to Plaintiffs which are based on their personal knowledge and allege the following:

**INTRODUCTION**

1.    This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant arising from its use of deceptive and illegitimate sales techniques to lure consumers in to purchasing their products, and untruthful promise to provide "free

1 shipping" on certain orders placed on its website.

2     **A. False Reference Pricing**

3     2.     Advertised prices are important to consumers, as the prices reflect the item's perceived

4 value. Consumers are more likely to purchase an item if the item is on sale, and consumers know that

5 they are getting a good deal.

6

7     3.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with

8 made-up regular prices or made-up discounts—is deceptive and illegal.

9     4.     Fake sales and the false advertising of prices can be used to manipulate consumers'

10 perception of the value of products and cause consumers to overpay for them.

11     5.     False reference pricing occurs when a seller fabricates a false "original" price for a

12 product and advertises that product at a substantially lower price under the guise of a discount. This

13 fake sale results in an artificial price disparity that misleads consumers into purchasing the product

14 because they believe the product's market value is higher than it actually is.

15

16     6.     California's False Advertising Law prohibits businesses from making statements they

17 know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes

18 statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's

19 False Advertising Law specifically provides that "[n]o price shall be advertised as a former price …

20 unless the alleged former price was the prevailing market price … within three months next

21 immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

22

23     7.     Likewise, California's Consumer Legal Remedies Act prohibits "advertising goods or

24 services with the intent not to sell them as advertised" and specifically prohibits "false or misleading

25 statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ.

26 Code § 1770(a)(9), (13).

27     8.     In addition, the Federal Trade Commission's ("FTC") regulations prohibit false or

28

misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

9.    Accordingly, fake sales violate these laws.  They also violate California's general prohibition on unlawful, unfair, and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

10.    Caraway makes and sells hybrid and specialty cookware products. Caraway maintains a public website where it advertises the products. Consumers who visit the website can purchase the products through an online store hosted on the website.

11.    As further described below, Plaintiff Hampton bought several Caraway products from Defendant's website, including, relevant here, Caraway's Cookware Set, which Defendant advertised as being on sale and/or subject to a substantial discount value savings.

12.    When Hampton purchased the product, she believed and understood, like any other reasonable consumer, that she would receive a substantial discount from the regular price, and that the true value of the product exceeded what she would be paying.

13.    Relying on these representations, Plaintiff Hampton purchased, *inter alia*, the Cookware Set from Defendant.

14.    In reality, however, Defendant's representations regarding the Cookware Set was not true. The purported "regular" price was not the true regular price for the product, and the purported "discount" or "value savings" was not accurate as this product is always available at the discounted price. Had Defendant been truthful, Hampton and other consumers like her would not have purchased the product or would have paid less for them.

15.     Caraway advertises false prices and fictitious savings for dozens of its products on its website every day. The pervasive, ongoing nature of its deceptive pricing scheme demonstrates that false reference pricing is central to its overall marketing strategy.

**B. Shipping Fees**

16.     In addition to Caraway's false reference pricing, Caraway also deceives consumers by advertising "free shipping" on orders that meet a certain dollar threshold.

17.     When consumers browse products on Caraway's website, Caraway prominently advertises "Free Shipping" on purchases exceeding $90.00. However, that marketing representation is false because Caraway surreptitiously and automatically adds a so-called "Caraway Package Protection" fee ("Caraway Package Fee"), which is effectively a percentage of the transaction, to all orders.

18.     As discussed below, the assessment of the Caraway Package Fee is deceptive and unfair because: (a) Caraway does not adequately disclose this added fee until the very last step in the multi-step purchasing process; (b) the fee itself is deceptively named and described; (c) the fee is automatically added to a customer's cart, creating the impression that is required fee as part of the purchase process; (d) Caraway does not adequately provide notice to consumers that the fee is optional and may be removed from the cart; and (d) the fee is in actuality a hidden shipping fee.

19.     Many Caraway customers like Plaintiff Trevino have been assessed hidden shipping charges for which they did not bargain for or know about.

20.     In bringing this lawsuit, Plaintiffs intend to curb these unlawful and deceptive advertising practices on Caraway's website. Plaintiffs seek damages and public injunctive relief in the form of a court order prohibiting Caraway from continuing to falsely advertise on its website, and seek compensation for themselves and all others similarly situated who have been duped by Caraway's false deceptive and unfair practices.

**PARTIES**

21.    At all times material to this action, Plaintiff Hampton has been a citizen and resident of Malibu, California.

22.    At all times material to this action, Plaintiff Trevino has been a citizen and resident of Oak Hill, California.

23.    At all times material to this action, Defendant has been a Delaware Corporation with its principal place of business and headquarters in New York, New York. Defendant operates carawayhome.com, an online retailer of specialty cookware products.

**JURISDICTION AND VENUE**

24.    This Court has jurisdiction over Defendant and the claims set forth below pursuant to Code of Civil Procedure § 410.10 and the California Constitution, Article VI § 10, because this case is a cause not given by statute to the other trial courts.

25.    This Court has personal jurisdiction over Defendant because Defendant does business here and is authorized to conduct business here. Defendant sold its Caraway products to consumers in California, including to Plaintiffs. Moreover, Defendant conducts business in California and actively disseminates targeted advertisements within the state with the intent of promoting and selling its Caraway products to consumers there. As such, Defendant does business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market.

26.    The amount in controversy exceeds the jurisdictional minimum of this Court.

27.    Plaintiff Hampton suffered her injury described below in Los Angeles, California.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**I.    Caraway's False Reference Pricing Scheme**

28.    According to carawayhome.com, "No matter the material, we always strive to

1  provide you with the cleanest & most sustainable kitchen essentials."[1]

2      29.    Caraway products may be purchased separately, or in sets, as advertised on its website.

3      30.    Various Caraway products are advertised for sale on Defendant's website, and the

4  products show two prices: the "discounted" sale or value price, and a second higher price at which

5  the item was purportedly offered at some point in time. Many of the products advertised as on sale

6  show a strikethrough price (i.e. "$545") as shown on the next page:

7



Taken March 4, 2025

23

24      31.    Next to the advertised original price of the product, Defendant also states the Set Value

25  is $395, and that the product has "$150 savings."

26

27  _____

28  [1] https://www.carawayhome.com/our-story (last accessed March 4, 2025).

CLASS ACTION COMPLAINT

32.     The advertised sale price and percentage varies for different products, but in every instance, Defendant is benefitting from the false reference pricing scheme, as it misleads consumers to believe that the value of Caraway's products' are higher than they really are and that the discounts are greater than what they are.

33.     Defendant's use of false reference pricing scheme provides it with an unfair advantage, as consumers use pricing and the perception of value to make purchasing decisions. This is because a product's price is used as an indicator of the product's quality.[2]  The term "Value," especially when accompanied by a "__% Off" or "__$ Off", can and does reasonably signify to consumers a former price because former price representations—as shown above in the myriad academic literature covering the topic—are representations of the products' *value*.

34.     In actuality, the percentage-off discounts are not true discounts as they are applied to an advertised "original" price that does not represent the price at which Defendant regularly sold the item in the normal course of business or what the collections of the items in the set are worth.

35.     Consumers like Plaintiffs are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount. Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[3] And, "two-thirds of consumers have made a purchase they weren't

---

[2] Grewal, Dhruv, and Larry D. Compeau. "Comparative price advertising: Informative or deceptive?" *Journal of Public Policy & Marketing* (1992): 52-62, p. 54. Also see Thaler, Richard. "Mental Accounting and Consumer Choice." *Marketing Science* 4, no. 3 (1985): 199-214, p. 212 ("The [reference price] will be more successful as a reference price the less often the good is purchased. The [reference price] is most likely to serve as a proxy for quality when the consumer has trouble determining quality in other ways (such as by inspection)").

[3] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/

CLASS ACTION COMPLAINT

originally planning to make solely based on finding a coupon or discount," and "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[4] Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[5] Thus, Defendant's advertisements harmed Plaintiffs and class members by inducing them to make products purchases they would not have otherwise made based on false information.

36.    In addition, by the same mechanism, Defendant's advertisements artificially increase consumer demand for its products.  This puts upward pressure on the prices that Defendant can charge. As a result, Defendant can charge a price premium for its products that it would not be able to charge absent the misrepresentations described above. Accordingly, due to Defendant's misrepresentations, Plaintiff Hampton and the False Reference Pricing Class (as defined below) paid more for the products they bought than they otherwise would have.

a. ***Caraway Employs Fake Discounts to Mislead Consumers***

37.    Caraway creates an illusion of savings on its website by advertising false reference prices and fictitious savings based on those prices. Caraway perpetrates this scheme by advertising a false original price—i.e., the product's full, non-discounted price—which it typically displays by using the word "Value" along with the "original" price, and the amount of savings (e.g., $545 value, $150 Set Savings).

38.    Adjacent to the false original price, Caraway advertises a sale or discount price, which

---

[4]https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html

[5] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

is the price at which the product is currently offered for sale or on discount. Caraway typically displays the reduced price in bolder, larger font and in a different color.

39.     Upon information and belief, and to be established further through discovery, the original price for a product is misleading because it does not represent the actual price at which the product was sold or offered for sale for a reasonable period of time. Moreover, all—or nearly all—of these bundles, such as the Cookware Set, include items that cannot be purchased online, thereby creating its own unique individual product.

40.     Caraway's pricing scheme is misleading because the savings advertised on its website (which are based on the advertised false original prices) do not represent the actual savings customers receive, as Plaintiffs and reasonable consumers understand that term. Moreover, Caraway's false reference prices violate California law because they mislead consumers about the existence and amounts of Caraway's price reductions.

41.     For that reason, the FTC's Guide Against Deceptive Pricing provides: "[Retailers] should not offer an advance sale under circumstances where they do not in good faith expect to increase the price at a later date, or make a "limited" offer which, in fact, is not limited. In all of these situations, as well as in others too numerous to mention, advertisers should make certain that the bargain offer is genuine and truthful." 16 C.F.R. § 233.5.

42.     A product's reference price matters to consumers because it serves as a baseline upon which consumers perceive a product's value. [6]

43.     Studies show that "consumers are likely to be misled into a willingness to pay a higher

---

[6] Thaler, Richard, "Mental Accounting and Consumer Choice," *Marketing Science* 4, no. 3(1985): 199-214, at p. 212.

1  price for a product simply because the product has a higher reference price."[7] As to Defendant's

2  products, consumers are misled and incorrectly overvalue them due to Defendant's false price

3  comparisons. This overvaluation can be seen by consumers' purchases of Defendant's products for

4  overinflated prices.

5      44.    When consumers purchase Caraway bundled products, they will all overpay, and

6  they will all not receive the benefit of the promised discounts due to Defendant's overvaluation of

7  its products.

8  **II.    Caraway Prominently and Plainly Promises Free Shipping on Its Website.**

9      45.    Caraway prominently features free shipping on its website for purchases over $90.00.

10  Such representations are made on all pages of the website, including on the pages of the multi-step

11  purchase process described above:



24      46.    Such representations never carry a disclaimer or other warning that free shipping

26  _____

27  [7] Gotlieb, Jerry B. and Cyndy Thomas Fitzgerald. "An Investigation into the Effects of Advertised Reference Prices on the Price Consumers are Willing to Pay for the Product." *Journal of Applied*

28  *Business Research* 6, no. 1 (1990):59-69, at p.66

CLASS ACTION COMPLAINT

1    only includes certain aspects of the shipping process, but not all.

2        47.    Once an item is added to the online shopping cart, the Caraway Package Protection is

3    deceptively and automatically added to the cart.

4        48.    When the consumer then selects "Checkout," they are directed to the checkout page,

5    which automatically displays the Caraway Package Fee as a line item:



49.    Additionally, Caraway does not make it clear that this fee is optional and can be removed. Instead, it intentionally places a checkbox underneath the total price, which is separate and far away from the purchase button.

**b.    Caraway Omits and Conceals Material Facts About the Costs of Shipping.**

50.    The Caraway Package Fee is misleading as shipping is not, in fact, free.

51.    Reasonable consumers like Plaintiff understand shipping to include reasonable accoutrements to effectuate that shipping, including human or robot packing of the item, materials

1  needed to pack the item, bringing the item to a shipping point like a post office or UPS location, and

2  taking reasonable care to ensure the package arrives at its intended location.

3      52.    In short, there is no "Package Protection" of the purchased item, separate and apart

4  from the shipping process, and Caraway deceived consumers by stating otherwise.

5      53.    By assessing add-on fees for certain aspects of "shipping," Caraway renders its free

6  shipping promise false.

7      54.    Moreover, by unfairly obscuring its true shipping charges to consumers, Caraway

8  deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true

9  shipping charges. Indeed, other major e-commerce sites in the U.S. do not assess a shipping protection

10  fee in addition to a shipping charge—for the simple reason that shipping protection is an essential,

11  inextricable aspects of "shipping."

12      55.    In short, the disclosed "shipping" cost on carawayhome.com is not actually free or a

13  shipping.  The *actual* "shipping" cost—the extra charge to have the cookware merchandise safely

14  delivered to a home—is the Caraway Package Fee that Caraway deceptively adds late in the ordering

15  process.

16      56.    Moreover, the Caraway Package Fee is never reasonably disclosed to consumers until

17  it shows up as a line item in their shopping cart—after the purchase process is largely complete. This

18  process fails to provide an adequate advance warning to customers that a Shipping Protection Fee

19  will be imposed on their purchases.

20      57.    Further, Caraway automatically adds the Caraway Package Fee to every cart, leading

21  consumers to believe that it is a required cost. By placing a checkbox underneath the total purchase

22  price, and far away from the purchase button, Caraway does not provide reasonable or adequate notice

23  that the fee is optional.

24      58.    So while many consumers do not notice that a Caraway Package Fee is being added

25  to their order, others believe that they have no choice but to pay it. And other consumers may notice

26  the fee but decide to go through with the purchase anyway unsure of how it can be removed from

27  their cart after it was automatically added.

28      59.    In any of these situations, the result is the same: a consumer who otherwise would

29  have found a way to pay without paying the "Caraway Package Protection" fee, ends up paying the

1  fee. Defendant profits; Plaintiff Trevino and the Package Protection Fee Class lose profits.

2    60.    This is a classic case of "Drip pricing". "Drip pricing" works because as research has

3  shown, "our brains tend to fix on the price we first encountered even after we learn the total cost. And

4  even when consumers learn about the hidden fees, they often pay up rather than shop around . . .

5  because they figure that 'investing more time into searching for it will not be worthwhile.'" Santul

6  Narkar, *It's a Great Deal, Before the 'Drip Pricing'*, New York Times, available at

7  https://www.nytimes.com/interactive/2024/02/23/business/what-is-drip-pricing.html    (quoting

8  Professor David Friedman of Willamette University).

9    61.    By unfairly obscuring its charges to consumers, Caraway deceives consumers and

10  gains an unfair upper hand on competitors that fairly disclose their true charges.

11    **c.  The Caraway Package Fee Is A Junk Fee That Violates Federal Guidance.**

12    62.    Caraway's Caraway Package Fee is precisely the type of "Junk Fee" that has come

13  under government scrutiny in recent years:

14    Junk fees are fees that are mandatory but not transparently disclosed to consumers.
    Consumers are lured in with the promise of a low price, but when they get to the
15    register, they discover that price was never really available. Junk fees harm consumers
    and actively undermine competition by making it impractical for consumers to
16    compare prices, a linchpin of our economic system.

17  The White House, The Price Isn't Right: How Junk Fees Cost Consumers and Undermine

18  Competition,    March    5,    2024,    available    at    https://www.whitehouse.gov/cea/written-

19  materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-

20  competition/#_ftnref3.

21    63.    As the FTC said recently in its effort to combat Junk Fees:

22    [M]any consumers said that sellers often do not advertise the total amount they will
    have to pay, and disclose fees only after they are well into completing the transaction.
23    They also said that sellers often misrepresent or do not adequately disclose the nature
    or purpose of certain fees, leaving consumers wondering what they are paying for or
24    if they are getting anything at all for the fee charged.

25

26  Federal Trade Commission, FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit

27  hidden and falsely advertised fees, October 11, 2023, available at https://www.ftc.gov/news-

28  events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

CLASS ACTION COMPLAINT

64.    In its own effort to combat junk fees, the State of New York recently passed N.Y. Arts & Cult. Aff. Law § 25.07 concerning fees associated with tickets to sports and concerts.  Under that law, "[t]he price of the ticket shall not increase during the purchase process, excluding reasonable fees for the delivery of non-electronic tickets based on the delivery method selected by the purchaser, which shall be disclosed prior to accepting payment therefor." N.Y. Arts & Cult. Aff. Law § 25.07(4). Accordingly, if the consumer selects to purchase a ticket electronically, at the start of the transaction, the total ticket price shall not increase during the period it takes the consumer to purchase the ticket (e.g., finish the online transaction).  The "All-In Price" must be disclosed to the consumer before the consumer selects the ticket for purchase. Similarly here, the "All-In Price" should have been displayed to the consumer throughout the enrollment process.

65.    In July of 2024, California expanded its Consumer Legal Remedies Act ("CLRA") was amended to make illegal "drip pricing," which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service. California Civil Code Section 1770(a)(29). Under the new California law, it is now illegal to advertise a low price for a product, only for that product to be subject to additional or mandatory fees later. In other words, "the price listed or advertised to the consumer must be the full price that the consumer is required to pay." See California Department of Justice, Office of the Attorney General, SB 478 Frequently Asked Questions, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf (last accessed July 18, 2024). As the California Department of Justice stated:

> Businesses are free to explain how they set their prices or to *subsequently* itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.

*Id*. at p. 4 (emphasis added).

66.    In its 2013 publication ".com Disclosures: How to Make Effective Disclosures in Digital Advertising, the FTC makes clear that when advertising and selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy – for example, before the consumer "add[s]

1    to shopping cart." See Fed. Trade Comm'n, .com Disclosures: How to Make Effective Disclosures in

2    Digital        Advertising        at        ii,        14        (Mar.        2013),        available        at

3    https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-

4    advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

5        67.    Defendant violates federal guidance by adding the Caraway Package Fee as a line item

6    well after the consumer "add[s] to shopping cart[.]"

7    **III.    Plaintiffs' Experience**

8        ***a.   Plaintiff Hampton***

9        68.    In or around May 2022, Plaintiff Hampton purchased products through Defendant's

10   website, including, relevant here, Caraway's Cookware Set.

11       69.    Caraway advertised the Cookware Set as being on sale and/or that there was a

12   substantial discount. Caraway represented to Plaintiff Hampton that she would be saving a significant

13   amount of money in value savings if she purchased the product.

14

15       70.    Enticed by the idea of paying less than the regular price, Plaintiff Hampton proceeded

16   to purchase the Cookware Set.

17       71.    In reliance on Caraway's representations and omissions with respect to the pricing of

18   the Cookware Set, its value, and the amount of savings she purportedly was receiving, Plaintiff

19   Hampton placed her order.

20

21       72.    However, upon information and belief, prior to Plaintiff Hampton's purchase, Caraway

22   did not sell the Cookware Set for the false original price advertised ($545.00) for a reasonably

23   substantial period of time, if ever at all. In fact, nearly three years later, Caraway is still selling the

24   same Cookware Set that Plaintiff Hampton purchased for the exact same price of $395.00.

25   Accordingly, Plaintiff Hampton never received any discount.

26       73.    Plaintiff Hampton's understanding of the value of the product was based on her belief

27   that Caraway regularly sold the set for $545.00, and that $545.00 represented its value. Caraway

28

thereby induced Plaintiff Hampton to purchase the product by falsely representing to her that she was saving $150 off the false reference price. Defendant's disclosure of a false reference price led Plaintiff to believe she was getting a substantial discount on Caraway's product, which was formerly offered at a significantly higher price. Plaintiff Hampton would not have purchased the product, or would have paid less for it, had she known that its true regular price was less than the advertised false reference price.

74.    Upon information and belief, and based on counsel's investigation, the prevailing set price for the product was not the price at which Caraway sold it on its website.

### b. *Plaintiff Trevino*

75.    In or around November 2024, Plaintiff Trevino purchased several Caraway products through Defendant's website.

76.    When using the website, Caraway advertised to Plaintiff Trevino that she would receive "Free Shipping" as part of her purchase if her order exceed a specific dollar threshold.

77.    Enticed by the idea of receiving free shipping, Trevino proceeded to purchase several products. Plaintiff Trevino's order exceed the threshold for free shipping.

78.    Plaintiff Trevino did not choose to add the Caraway Package Fee to her purchase. Instead, Caraway surreptitiously added the Caraway Package Fee into her cart without her permission. Plaintiff Trevino did not see an option to opt-out of the Caraway Package Fee.

79.    Plaintiff Trevino did not receive free shipping as advertised; instead, she incurred a Caraway Package Fee amounting to $19.50.

80.    Caraway induced Plaintiff Trevino to purchase the products by falsely representing to her that she was receiving free shipping. Plaintiff Trevino would not have purchased the products, or would have paid less for them, had she known that she would not be receiving free shipping as promised. Moreover, Plaintiff Trevino would never have paid for the Caraway Package Fee is she knew it was optional and not mandatory.

CLASS ACTION COMPLAINT

**IV.**    *No Adequate Remedy at Law*

81.    Plaintiffs seek damages and, in the alternative, restitution. Plaintiffs are permitted to seek equitable remedies in the alternative because they have no adequate remedy at law.

82.    A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims. For example, Plaintiff's FAL claim under section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months. Cal. Bus. & Prof. Code § 17501. Plaintiffs may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of their legal claims.

83.    In addition, the remedies at law available to Plaintiffs are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

## CLASS ALLEGATIONS

84.    Plaintiffs bring this action on behalf of themselves, and all others similarly situated persons.

85.    The proposed Classes are defined as follows:

**False Reference Pricing Class:** All individuals and entities in California who are "consumers" within the meaning of California Civil Code § 1761(d) and who, within the applicable statute of limitations period, purchased one or more Caraway products on Caraway's website that were falsely advertised as discounted or subject to savings.

**Package Protection Fee Class:** All individuals and entities in California who are "consumers" within the meaning of California Civil Code § 1761(d) and who, within the applicable statute of limitations period, purchased one or more Caraway products on Caraway's website and were assessed a so-called "Caraway Package Protection" Fee.

86.    Collectively, the False Reference Pricing Class and the Package Protection Fee Class shall be referred to as the "Classes."

CLASS ACTION COMPLAINT

87.     Excluded from the Classes are (i) Defendant and Defendant's subsidiaries and affiliates; (ii) Defendant's officers, directors, and employees; (iii) entities in which Defendant has a controlling interest; (iv) the judicial officer(s) to whom this action is assigned; and (v) the immediate family members, legal representatives, heirs, successors, or assigns of any party excluded under (i)–(iv).

88.     Plaintiffs reserve the right to modify or amend the definitions of the proposed Classes and to add subclasses before this Court determines whether certification is appropriate.

89.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements to maintain a class action.

90.     As to numerosity: The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Caraway's records. Caraway has the administrative capability through its computer systems and other records to identify all members of the Classes, and such specific information is not otherwise available to Plaintiffs.

91.     As to commonality: The questions here are ones of common or general interest such that there is a well-defined community of interest among Class members. These questions predominate over questions that may affect only individual class members because Caraway has acted on grounds generally applicable to the class. Such common legal or factual questions include, but are not limited to:

            a.      whether Caraway made false or misleading statements of fact in its advertisements;

            b.      whether Caraway's advertisements had a tendency to mislead a reasonable consumer;

c.     whether Caraway's advertising and marketing practices, as alleged herein, violated established law;

d.     whether a reasonable consumer would interpret the false reference prices on Caraway's website as the regular price or former price of the products offered for sale on Caraway's website;

e.     whether Caraway ever sold or offered for sale the products at the false reference prices;

j.     whether Caraway misrepresented and/or failed to disclose material facts about the false reference prices and discounts advertised on its website;

m.     whether Caraway's pricing scheme alleged herein—consisting of misleading false reference prices and fictitious savings—was false or misleading within the meaning of California's False Advertising Law, Consumer Legal Remedies Act, or Unfair Competition Law;

m.     whether Caraway has been unjustly enriched from products falsely advertised and sold on its website; and

o.     whether Plaintiffs and members of the Classes are entitled to damages. and restitution, and/or punitive damages as a result of Caraway's conduct alleged herein.

92.     As to typicality: Plaintiffs' claims are typical of the claims of the other members of the Classes in that they arise out of the same wrongful business practices by Caraway, as described herein. The evidence and the legal theories regarding Defendant's alleged wrongful conduct committed against Plaintiffs and absent Class members are substantially the same because the challenged practices are uniform for Plaintiffs and Class members. Accordingly, in pursuing their own self-interest in litigating the claims, Plaintiffs will also serve the interests of the Classes.

93.     As to adequacy: Plaintiffs are more than adequate representatives of the Classes in that

CLASS ACTION COMPLAINT

1  Plaintiffs made purchases on Caraway and have suffered damages as a result of Caraway's deceptive

2  practices. Additionally, (i) Plaintiffs are committed to the vigorous prosecution of this action on behalf

3  of herself and all others similarly situated; (ii) Plaintiffs have retained competent counsel experienced

4  in the prosecution of class actions; (iii) there is no conflict of interest between Plaintiffs and the

5  unnamed members of the Classes; (iv) Plaintiffs anticipate no difficulty in the management of this

6  litigation as a class action; and (v) Plaintiffs' legal counsel has the financial and legal resources to

7

8  meet the substantial costs and address the legal issues associated with this type of litigation.

9      94.    As to predominance: The matter is properly maintained as a class action because the

10  common questions of law and fact identified herein and to be identified through discovery

11  predominate over questions that may affect only individual Class members.

12

13      95.    As to superiority: A class action is superior to all other available methods for the fair

14  and efficient adjudication of this matter because the injuries suffered by the individual Class members

15  are relatively small. As such, the expense and burden of individual litigation would make it virtually

16  impossible for Plaintiffs and Class members to individually seek redress for Defendant's wrongful

17  conduct.

18      96.    Additionally, the classes are numerous enough to render joinder of all members or the

19  maintenance of separate suits impracticable. Even if any individual person or group of Class members

20  could afford individual litigation, it would be unduly burdensome to the courts in which the individual

21

22  litigation would proceed. The class action device is preferable to individual litigation because it

23  provides the benefits of unitary adjudication, economies of scale, and comprehensive resolution by a

24  single court. Further, the difficulties likely to be encountered in the management of this action as a

25  class action are minimal.

26      97.    In contrast, the prosecution of separate actions by individual Class members would

27  create a risk of inconsistent or varying adjudications with respect to individual Class members that

28

CLASS ACTION COMPLAINT

1  would establish incompatible standards of conduct for the party or parties opposing the Classes and

2  would lead to repetitious trials of many common questions of law and fact.

3      98.    Plaintiffs know of no difficulty to be encountered in the management or maintenance

4  of this action that would preclude its maintenance as a class action. But absent a class action, Plaintiffs

5
6  and Class members will continue to suffer losses, thereby allowing Defendant's violations of law to

7  proceed without remedy and allowing Defendant to retain the proceeds of their ill-gotten gains.

8      99.    For all these reasons, a class action is superior to other available methods for the fair

9  and efficient adjudication of this action.

10     100.   As stated above, Caraway has acted or refused to act on grounds generally applicable

11  to the Classes, thereby making appropriate corresponding declaratory relief with respect to the Classes

12  as a whole.

13
14     101.   All conditions precedent to bringing this action have been satisfied, waived, or both.

15              **CLAIMS FOR RELIEF**

16              **FIRST CLAIM FOR RELIEF**
       **Violation of California's Unfair Competition Law**
17        **(Cal. Bus. & Prof. Code § 17200, et seq.)**
       **(On Behalf of Plaintiff Hampton and the False Reference Pricing Class)**
18

19     102.   Plaintiff Hampton hereby repeats, realleges, and incorporates the allegations in

20  Paragraphs 1-101 as if fully set forth herein.

21     103.   Defendant's conduct described herein violates the Unfair Competition Law ("UCL"),

22  codifies at California Business and Professions Code section 17200, *et seq.*

23     104.   The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is

24  to protect both consumers and competitors by promoting fir competition in commercial markets for

25
26  goods and services. In service of that purpose, the Legislature framed the UCL's substantive

27  provisions in broad, sweeping language.

28     105.   The UCL imposes strict liability. Plaintiff Hampton need not provide that Defendant

1  intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only

2  that such practices occurred.

3      106.    A business act or practice is "unlawful" under the UCL if it violates any other law or

4  regulation.

5      107.    Caraway has violated, and continues to violate, the "unlawful" prong of California's

6  

7  Unfair Competition Law, Bus. Prof. Code §§ 17200, *et seq.* ("UCL") by engaging in the following

8  unlawful business acts and practices:

9          a.      disseminating untrue and misleading advertisements over the internet by

10         advertising misleading false reference prices and fictitious savings, in violation of Bus.

11         & Prof. Code § 17500;

12         b.      by representing that products offered for sale on its website have characteristics

13         or benefits which they do not have in violation of Civ. Code § 1770(a)(5);

14         

15         c.      by advertising products on its website with intent not to sell them as advertised,

16         in violation of Civ. Code § 1770(a)(9);

17         d.      making false or misleading statements of fact concerning the reasons for,

18         existence of, or amounts of price reductions as to products sold on its website, in

19         violation of Civ. Code § 1770(a)(13); and

20         e.      representing that products sold on its website were supplied in accordance with

21         its previous representations when in fact they were not, in violation of Civ. Code §

22         1770(a)(16).

23         

24     108.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive

25  members of the public.

26     109.    Caraway has violated, and continues to violate, the "fraudulent prong" of the UCL by

27  engaging in the following fraudulent business acts and practices:

28

CLASS ACTION COMPLAINT

a.    using misrepresentations, deception, and/or concealment of material information in connection with the former price and value of products sold on Caraway's website, such that Plaintiff and Class members were likely to be deceived;

b.    advertising false reference prices and discounts that are false, misleading, and/or have a capacity, likelihood, or tendency to deceive Plaintiff and Class members; and

c.    failing to provide Plaintiff and Class members with information as to when, if ever, the false reference prices displayed on Caraway's website were bona fide offer prices.

110.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

111.    Caraway has violated, and continues to violate, the "unfair" prong of the UCL by engaging in the following unfair business acts and practices:

a.    engaging in false reference pricing in connection with the sale of products on its website such that Plaintiff Hampton and Class members, who could not have reasonably avoided such predatory schemes, have been injured—a practice that serves no benefit to consumers or competitors;

b.    engaging in false reference pricing whereby the harm to consumers, competition, and the public far outweighs any utility of the practice, which only serves to deceive consumers and give Caraway an unfair advantage over other product manufacturers; and

CLASS ACTION COMPLAINT

c.    engaging in false and misleading advertising in contravention of public policy, including such public policy as reflected in Cal. Bus. & Prof. Code §§ 17200 and 17500, Cal. Civ. Code § 1770(a)(13), and 16 C.F.R. §§ 233.1 and 233.5.

112.    Defendant violated established public policy by violating the CLRA and the FAL, as alleged herein and incorporated here.

113.    The harm to Plaintiff Hampton and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

114.    Hampton and the Class could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

115.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

116.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff Hampton saw, read, and reasonably relied on them when purchasing the products. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

117.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff Hampton and the Class members.

118.    As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful practices, Plaintiff Hampton and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and presents a continuing threat to Plaintiff Hampton and Class members that they will be deceived. Plaintiff Hampton desires to conduct further business with Defendant but cannot rely on Defendant's representations unless an injunction is issued.

119.    As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff

CLASS ACTION COMPLAINT

1    Hampton and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

2        120.    Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff Hampton and

3    the members of the Class, on behalf of the general public, seek an order of this Court enjoining

4    Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

5        121.    Plaintiff Hampton has no adequate remedy at law in part because Defendant continues

6    to misrepresent the true value of its products. Plaintiff Hampton therefore seeks an injunction on

7    behalf of the general public to prevent Defendant from continuing to engage in the deceptive and

8    misleading practices described herein.

9    **SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200, et seq.)**

10    **(On Behalf of Plaintiff Trevino and the Package Protection Fee Class)**

11        122.    Plaintiff Trevino hereby repeats, realleges, and incorporates the allegations in

12    Paragraphs 1-101 as if fully set forth herein.

13        123.    Defendant's conduct described herein violates the UCL, codifies at California

14    Business and Professions Code section 17200, *et seq.*

15        124.    The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is

16    to protect both consumers and competitors by promoting fir competition in commercial markets for

17    

18    goods and services. In service of that purpose, the Legislature framed the UCL's substantive

19    provisions in broad, sweeping language.

20        125.    The UCL imposes strict liability. Plaintiff Trevino need not provide that Defendant

21    intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only

22    that such practices occurred.

23    

24        126.    A business act or practice is "unlawful" under the UCL if it violates any other law or

25    regulation.

26        127.    Defendant committed unfair and fraudulent business acts and practices in violation of

27    Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting that the

28

1    presence and nature of its Package Protection fees.

2        128.    Defendant's acts and practices offend an established public policy of truthful

3    advertising in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous

4    activities that are substantially injurious to consumers.

5        129.    The harm to Plaintiff Trevino and the Class outweighs the utility of Defendant's

6    practices. There were reasonably available alternatives to further Defendant's legitimate business

7    interests, other than the misleading and deceptive conduct described herein.

8        130.    Defendant's conduct also constitutes an "unlawful" act under the UCL because it also

9    constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies

10    Act ("CLRA"), Cal. Civ. Code section 1750, *et seq.*

11        131.    Defendant's business practices have misled Trevino and the proposed Class and, unless

12    enjoined, will continue to mislead them in the future.

13        132.    Plaintiff Trevino relied on Defendant's misrepresentations in making their purchase.

14        133.    By falsely marketing its shipping fee practices, Defendant deceived Plaintiff Trevino

15    and the Class members into making purchases they otherwise would not make.

16        134.    As a direct and proximate result of Defendant's unfair, fraudulent, and unlawful

17    practices, Trevino and Class members suffered and will continue to suffer actual damages.

18    Defendant's fraudulent conduct is ongoing and presents a continuing threat to Plaintiff and Class

19    members that they will be deceived. Trevino desire to conduct further business with Defendant but

20    cannot rely on Defendant's representations unless an injunction is issued.

21        135.    As a result of its unfair, fraudulent, and unlawful conduct, Defendant has been unjustly

22    enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff Trevino

23    and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

24        136.    Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff Trevino and

25    the members of the Class, on behalf of the general public, seek an order of this Court enjoining

26    Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

27        137.    Plaintiff Trevino has no adequate remedy at law in part because Defendant continues

28    to add "Caraway Package Protection" fees to purchases. Plaintiff Trevino therefore seeks an

29    injunction on behalf of the general public to prevent Defendant from continuing to engage in the

CLASS ACTION COMPLAINT

1  deceptive and misleading practices described herein.

2
                        **THIRD CLAIM FOR RELIEF**
3      **Violation of California's Consumer Legal Remedies Act ("CLRA")**
                        **(Cal. Civ. Code § 1750, et seq.)**
4      **(On behalf of Plaintiff Hampton and the False Reference Pricing Class)**

5
6      138.   Plaintiff Hampton hereby repeats, realleges, and incorporates the allegations in
       Paragraphs 1-101 as if fully set forth herein.
7

8      139.   This cause of action is brough pursuant to the Consumers Legal Remedies Act
9      (CLRA), California Civil Code § 1750. et seq. Hampton and each member of the proposed Class are
10     "consumers" as defined by California Civil Code § 1761(d). Caraway products which are offered to
11     consumers in exchange for payment are "transactions" within the meaning of California Civil Code
12     § 1761(e). The products purchased by Plaintiff Hampton and the Class are "goods" within the
13     meaning of California Civil Code § 1761(a).
14
15     140.   Caraway violated, and continues to violate, Section 1770(a)(5) of the California Civil
16     Code by representing that products offered for sale on its website have characteristics or benefits
17     which they do not have.  Specifically, Caraway represents that the value of its products is greater than
18     it actually is by advertising inflated false reference prices for products sold on its website.

19     141.   Caraway violated, and continues to violate, Section 1770(a)(13) of the California Civil
20     Code by making false or misleading statements of fact concerning reasons for, existence of, or
21     amounts of, price reductions on its website.  Specifically, Caraway has violated Section 1770(a)(13)
22     by engaging in the following unlawful acts and practices:
23

24     a.   misrepresenting the regular prices of products on its website by advertising
25          misleading and false reference prices; and

26     b.   advertising discounts and savings that are inflated or nonexistent because they
27          are based on misleading and false reference prices.

28

142.     Caraway violated, and continues to violate, Section 1770(a)(16) of the California Civil Code by representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Specifically, Caraway represents on its website that it sells products at specified discounts. After a customer places an order, Caraway emails the customer an order confirmation confirming that the products were sold at a discount. But in fact, Caraway does not sell, nor does it intend to sell, its products at the specified discounts.

143.     Pursuant to § 1782(a) of the CLRA, Hampton's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff Hampton's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff Hampton will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff Hampton seeks only injunctive relief.

144.     Plaintiff Hampton also seeks public injunctive relief, as described above.

**FOURTH CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**(Cal. Civ. Code § 1750, et seq.)**
**(On behalf of Plaintiff Trevino and the Package Protection Fee Class)**

145.     Plaintiff Trevino hereby repeats, realleges, and incorporates the allegations in Paragraphs 1-101 as if fully set forth herein.

146.     This cause of action is brough pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750. et seq. Plaintiff Trevino and each member of the proposed Package Protection Fee Class are "consumers" as defined by California Civil Code § 1761(d). Caraway Products which are offered to consumers in exchange for payment are "transactions" within the meaning of California Civil Code § 1761(e). The Products purchased by Plaintiff Trevino and the Package Protection Fee Class are "goods" within the meaning of California Civil Code § 1761(a).

147.    Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff Trevino and the Package Protection Fee Class which were intended to result in, and did result in, the sale of tickets:

 a. "Misrepresenting the affiliation, connection, or association with, or certification by, another" (a)(3);

 b. "Representing that goods or services have . . . characteristics . . . that they do not have" (a)(5);

 c. "Advertising goods or services with intent not to sell them as advertised" (a)(9);

 d. "Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law" (a)(14)

 e. "Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product" (a)(20); and

 f. "Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" (a)(29).

148.    Specifically, Caraway falsely advertised free shipping for orders over $90 on its website. Caraway failed to inform consumers in any disclosure, at any time, that the so-called "Package Protection" Fee is actually a shipping charge in disguise.

149.    At no time does Defendant disclose the true nature of its Package Protection fee; instead, it repeatedly conceals and misrepresents this material information at several steps of the transaction process.

150.    Pursuant to § 1782(a) of the CLRA, Plaintiff Trevino's counsel notified Defendant in writing by certified mail of the particular violations of §1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected

consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by §1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

151. Plaintiff Trevino also seeks public injunctive relief, as described above.

**FIFTH CLAIM FOR RELIEF**
**False and Misleading Advertising**
**(Bus. & Prof. Code §§ 17500, *et seq*.)**
**(On Behalf of Plaintiff Hampton and the False Reference Pricing Class)**

152. Plaintiff Hampton hereby repeats, realleges, and incorporates the allegations in Paragraphs 1-101 as if fully set forth herein.

153. Plaintiff Hampton brings this cause of action on behalf of herself and the False Reference Pricing Class.

154. California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

155. Caraway has violated, and continues to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements over the internet to Plaintiff Hampton and False Reference Pricing Class members.

156. Caraway disseminated untrue and misleading advertisements by advertising misleading false reference prices and fictitious savings with respect to Caraway products offered for sale on its website. Reasonable consumers would understand prices denoted as regular prices from

CLASS ACTION COMPLAINT

1  which discounts are calculated to denote "former" prices, i.e., the prices that Caraway charged before

2  the discount went into effect.

3      157.    The prices advertised by Caraway are not Caraway's regular prices. In fact, those

4  prices are never Caraway's regular prices (i.e., the price you never have to pay to get the product in

5

6  question), because there is always a heavily advertised promotion ongoing entitling consumers to a

7  discount. Moreover, for the same reasons, those prices were not the former prices of the product.

8  Accordingly, Defendant's statements about the former prices of its product, and the associated value

9  saved, were untrue and misleading.

10      158.    In addition, Defendant has violated, and continues to violate, Section 17501 of the

11  Business and Professions Code by advertising former prices that were not the prevailing market price

12  within three months next immediately preceding the advertising. As explained above, Defendant's

13  advertised regular prices, which reasonable consumers would understand to denote former prices,

14  were not the prevailing market prices for the products within three months preceding publication of

15

16  the advertisement. And Defendant's former price advertisements do not state clearly, exactly, and

17  conspicuously when, if ever, the former prices prevailed. Defendant's advertisements do not indicate

18  whether or when the purported former prices were offered at all.

19      159.    Caraway disseminated such untrue and misleading advertisements with the intent to

20  induce Plaintiff Hampton and False Reference Pricing Class members to purchase products on its

21

22  website. Plaintiff Hampton saw, read, and reasonably relied on the statements when purchasing the

23  products.

24      160.    Caraway knew, or by the exercise of reasonable care should have known, that the

25  advertised strikethrough prices, discounts, and limited-time offers were untrue or misleading.

26      161.    Defendant's misrepresentations were a substantial factor and proximate cause in

27  causing damages and losses to Plaintiff Hampton and the False Reference Pricing Class.

28

CLASS ACTION COMPLAINT

162.    Plaintiff Hampton and the False Reference Pricing Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the product if they had known the truth, and/or (b) they overpaid for the product because the product was sold at a price premium due to the misrepresentation.

163.    Pursuant to Business and Professions Code sections 17203 and 17500, Plaintiff Hampton and the members of the False Reference Pricing Class, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their deceptive practices.

164.    Further, Plaintiff Hampton requests an order awarding Plaintiff Hampton and False Reference Pricing Class members restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

165.    Additionally, Plaintiff Hampton and the False Reference Pricing Class members seek an order requiring Defendant to pay attorneys' fees pursuant to California Civil Code section 1021.5.

**SIXTH CLAIM FOR RELIEF**
**False and Misleading Advertising**
**(Bus. & Prof. Code §§ 17500, *et seq.*)**
**(On Behalf of Plaintiff Trevino and the Package Protection Fee Class)**

166.    Plaintiff Trevino hereby repeats, realleges, and incorporates the allegations in Paragraphs 1-101 as if fully set forth herein.

167.    Plaintiff Trevino brings this cause of action on behalf of herself and the Package Protection Fee Class.

168.    California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

169.    Defendant's material misrepresentations and omissions alleged herein violate Business and Professions Code section 17500.

170.    Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

171.    Pursuant to Business and Professions Code sections 17203 and 17500, Plaintiff Trevino and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their deceptive practices.

172.    Further, Plaintiff Trevino requests an order awarding Plaintiff Trevino and the Package Protection Fee Class members restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

173.    Additionally, Plaintiff Trevino and the Package Protection Fee Class members seek an order requiring Defendant to pay attorneys' fees pursuant to California Civil Code section 1021.5.

<u>SEVENTH CLAIM FOR RELIEF</u>
<u>UNJUST ENRICHMENT</u>
<u>(On Behalf of Plaintiff Hampton and the False Reference Pricing Class)</u>

174.    Plaintiff Hampton hereby repeats, realleges, and incorporates the allegations in Paragraphs 1-113 as if fully set forth herein.

175.    Plaintiff Hampton, individually and on behalf of the False Reference Pricing Class, assert a common law claim for unjust enrichment. In such circumstances, unjust enrichment will dictate that Defendant disgorge all improperly assessed products fees.

176.    As alleged herein, Defendant's false and misleading advertising caused Plaintiff Hampton and the False Reference Pricing class to purchase products and to pay a price premium for these products.

177.    Defendant has unjustly retained a direct benefit in the form of inflated prices of products to the detriment of Plaintiff Hampton and the members of the False Reference Pricing Class.

178.    Defendant has retained this benefit through its fee maximization scheme, and such retention violates fundamental principles of justice, equity, and good conscience.

CLASS ACTION COMPLAINT

179.    Defendant should not be allowed to profit or enrich itself inequitably and unjustly at the expense of Plaintiff Hampton and the members of the False Reference Pricing Class and should be required to make restitution to Plaintiff Hampton and the members of the False Reference Pricing Class.

**EIGHTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff Trevino and the Package Protection Fee Class)**

180.    Plaintiff Trevino hereby repeats, realleges, and incorporates the allegations in Paragraphs 1-101 as if fully set forth herein.

181.    To the detriment of Plaintiff Trevino and the False Reference Pricing Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

182.    Plaintiff Trevino and the False Reference Pricing Class conferred a benefit on Defendant when they paid Defendant the Shipping Protection fees, which they did not agree to and could not reasonably avoid.

183.    Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

184.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

185.    Plaintiff Trevino and the False Reference Pricing Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

1.    Certification for this matter to proceed as a class action on behalf of the Classes;

2.    Appointment of the Plaintiffs as representatives of the Classes;

3.    Appointment of counsel for Plaintiffs as Lead Counsel for the Classes;

4.    A finding that Caraway's practices are in violation of state consumer protection

1  statutes;

2        5.      Restitution of all amounts improperly paid to Caraway by Plaintiffs and the members

3  of the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

4        6.      Actual damages in an amount according to proof;

5        7.      Statutory damages as allowed by law;

6

7        8.      An award of pre-judgment and post-judgment interest at the maximum rate permitted

8  by applicable law;

9        9.      An award of costs and attorneys' fees under the common fund doctrine and all other

10  applicable law;

11       10.     Declaratory and injunctive relief on behalf of the general public; and

12       11.     Plaintiffs also request such other relief as this Court deems just and proper.

13                          **<u>DEMAND FOR JURY TRIAL</u>**

14       Plaintiffs and all others similarly situated hereby demand trial by jury on all issues in this

15

16  Class Action Complaint that are so triable.

17  Dated:  March 10, 2025

18                          By: */s/ Scott Edelsberg*
                               Scott Edelsberg (SBN 330990)
19                             **EDELSBERG LAW, P.A.**
                               1925 Century Park East, Suite 1700
20                             Los Angeles, California 90067
                               Telephone: (305) 975-3320
21                             scott@edelsberglaw.com

22                             *Attorney for Plaintiffs and the Proposed Classes*

23

24

25

26

27

28

CLASS ACTION COMPLAINT