Jacob A. Ayres, Esq. (#299869)
Alessandro Nolfo, Esq. (#344162)
GUPTA EVANS & AYRES, PC
5353 Mission Center Rd., Ste. 215
San Diego, CA 92108
(619) 866-3444
(619) 330-2055 Facsimile
e-mail: ja@SoCal.law

**Attorneys for Defendant Caraway Home, Inc.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ERICA HAMPTON and VANESSA TREVINO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARAWAY HOME, INC.,<br><br>Defendant. | **Case No. 2:25-cv-03489 MRA (MARx)**<br><br>[*Former Los Angeles Superior Court Case No. 25STCV06824*]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARAWAY HOME, INC.'S MOTION TO DISMISS PLAINTIFFS ERICA HAMPTON AND VANESSA TREVINO'S COMPLAINT**<br><br>**<u>Hearing Information:</u>**<br>**Date:** September 15, 2025<br>**Time:** 1:30 PM<br>**Judge:** Hon. Mónica Ramírez Almadani |

# TABLE OF CONTENTS


**I. INTRODUCTION** .......... 1

**II. FACTUAL BACKGROUND** .......... 2

**A. Plaintiff Hampton** .......... 2

**B. Plaintiff Trevino** .......... 3

**III. LEGAL STANDARD** .......... 4

**IV. ARGUMENT** .......... 5

**A. Plaintiff Hampton Fails to State a FAL Claim** .......... 5

**B. Plaintiff Trevino Fails to State a FAL Claim** .......... 9

**C. Plaintiffs' CLRA and UCL Claims Likewise Fail** .......... 12

**D. Plaintiffs Fail to State Viable Claims for Restitution** .......... 13

**V. CONCLUSION** .......... 14

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 4
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 4
*Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924 (9th Cir. 2008) .......... 13
*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) .......... 4
*Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012) .......... 4
*Eidmann v. Walgreen Co.,* 522 F. Supp. 3d 634 (N.D. Cal. 2021) .......... 5
*Fitzhenry-Russell v. Coca-Cola Co.*, 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017) 5
*Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074 (N.D. Cal. 2017) .......... 5
*Horosny v. Burlington Coat Factory of Cal.*, LLC, 2015 U.S. Dist. LEXIS 1794196
*In re Amazon Serv. Fee Litig.*, 2024 U.S. Dist. LEXIS 127117 (W.D. Wash. July 18, 2024) .......... 11
*Real v. Y.M.I. Jeanswear, Inc.*, 2017 U.S. Dist. LEXIS 237643 (C.D. Cal. Sept. 1, 2017) .......... 6
*Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015) .......... 6
*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) .......... 4
*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008) .......... 5

## Statutes & Regulations

Cal. Bus. & Prof. Code § 17500 .......... 5
Cal. Civ. Code § 1770(a)(29)(A)(ii) .......... 12
16 C.F.R. § 233.1 .......... 6
16 C.F.R. § 233.2(c) .......... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Caraway Home, Inc. ("Defendant") brings this Motion to Dismiss Plaintiffs Erica Hampton and Vanessa Trevino's (collectively "Plaintiffs") Complaint (the "Motion"). All claims included in the Complaint should be dismissed for two independent reasons: (1) Defendant did not mislead Plaintiffs with its prices, and (2) contrary to Plaintiffs' assertions, Defendant's Package Protection Fee (the "Package Protection Fee" or "Fee") is not a hidden shipping fee and, more importantly, is not mandatory.

In their Complaint, Plaintiffs' claims appear to be based on misunderstandings and mischaracterizations of Defendant's pricing disclosures. First, Plaintiffs allege that the use of strikethrough pricing is inherently deceptive, claiming it suggests a past sale price when, in fact, the accompanying explanatory text clearly states that the strikethrough reflects the "retail value" or the price the goods could be sold at—indicating a comparison, not a former price. Under California law and the reasonable consumer standard, such disclosures are sufficient to prevent deception, as they make it clear that the comparison is not indicative of a past transaction.

Second, Plaintiffs contend that the Package Protection Fee is a hidden or mandatory charge designed to mislead consumers. However, the fee is explicitly presented as an optional insurance service, with transparent disclosures making its voluntary nature unmistakable. The website specifically states that the fee is to "help the planet & get streamlined resolution," and the process to opt out is straightforward.

For these reasons, Plaintiffs' arguments lack factual and legal support, and their claims are unfounded. Therefore, Defendant's Motion should be granted because the allegations fail to establish deception under applicable standards and are inconsistent with industry practices and clear disclosures.

## II. FACTUAL BACKGROUND

### A. Plaintiff Hampton

Caraway is an innovative online platform that specializes in premium kitchenware. Their mission is to craft beautifully designed home goods that elevate the standards of what people cook with. Their products are thoughtfully created to make life easier and healthier for consumers.

In or around May 2022, Plaintiff Hampton purchased products through Caraway's website, including Caraway's Cookware Set.

Plaintiff alleges that the product she purchased from Caraway's website displayed two prices to her: one price, written in strikethrough, with another price, in bold, at which the item is offered for sale. Below the two prices a user can find text that describes the strikethrough price as "Set Value," and the sale price as "You Pay," with the difference between the two described as "Set Savings." (Compl. ¶ 30) Plaintiff includes this display and the explanatory text in her Complaint via a screenshot of Caraway's website:



Notwithstanding the explanatory text, Plaintiff Hampton alleges that she understands the pricing display to mean that the set she purchased from Caraway's website was previously offered by Caraway at the price in strikethrough. (Compl. ¶ 30)

**B. Plaintiff Trevino**

In or around November 2024, Plaintiff Trevino purchased several Caraway products through Caraway's website. (Compl. ¶ 75.)

Caraway clearly highlights free shipping for orders over $90.00 on its website. This messaging appears on all pages of the site, including across the pages of the multi-step purchase process described above:




When the consumer clicks on "Checkout," they are taken to the checkout page, where the Caraway Package Fee is automatically shown as a line item.




(Compl. ¶ 45.) Below the total price, the Caraway Package Protection fee is broken out again as a line item, with a checkbox next to it. Next to the checkbox, this text explaining that the Package Protection fee is "to help the planet & get streamlined resolution for any package issues." If a user clicks the checkbox, the Package Protection Fee is taken out of the total price. (RJN, Ex. A.) Plaintiff alleges that this fee is a hidden, mandatory "junk fee" or "drip pricing." (Compl. ¶ 62.)

///

///

## III. LEGAL STANDARD

Under Rule 12(b)(6), the court should dismiss a complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must plead facts, not mere legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint satisfies Rule 12(b)(6), a court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP* 476 F.3d 756, 763 (9th Cir. 2007). In addition, a court "may take into account documents whose contents are alleged in a complaint." *Davis v. HSBC Bank Nevada, N.A.* 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations omitted). Documents whose contents are alleged in a complaint and whose authenticity is undisputed may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *See Daniels-Hall v. Nat'l Educ. Ass'n* 629 F.3d 992, 998 (9th Cir. 2010). Courts may also consider information from websites on a Rule 12(b)(6) motion, upon judicial notice. *Turner v. Samsung Telcoms. Am., LLC*, No. CV 13-00629, 2013 U.S. Dist. LEXIS 198631 (C.D. Cal. Nov. 4, 2013).

## IV. ARGUMENT

Deceptive or misleading conduct constitutes a violation of the California False Advertising Law ("FAL"), California Consumer Legal Remedies Act ("CLRA"), and the fraudulent prong of the California Unfair Competition Law ("UCL") when it is likely to deceive a reasonable consumer, as this standard is a fundamental requirement for establishing liability under these laws. *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634 (N.D. Cal. 2021) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). Because each of these statutes is interpreted under the "reasonable consumer" standard, courts generally analyze and apply them collectively in a unified manner. *See Hadley v. Kellogg Sales Co.*,

243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017); *Fitzhenry-Russell v. Coca-Cola Co.*, No. 5:17-CV-00603-EJD, 2017 U.S. Dist. LEXIS 172716, 2017 WL 4680073, at *3 (N.D. Cal. Oct. 18, 2017).

**A. <u>Plaintiff Hampton Fails to State a FAL claim because the allegations demonstrate that the price displays are legitimately based on comparative value and not historical price comparisons</u>**

Plaintiff Trevino's FAL claim hinges on the false premise that the pricing displays on Caraway's website are former price comparisons (Compl. ¶ 82), when in fact they are legitimate, permissible statements of comparative value that are not misleading to a reasonable consumer. California FAL claims are governed by the "reasonable consumer" test. *See* Cal. Bus. & Prof. Code § 17500 ("[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, **or which by the exercise of reasonable care should be known**, to be untrue or misleading . . ." (emphasis added). Under that test, a plaintiff must show that members of the public are likely to be deceived. *Reid v. Johnson & Johnson* 780 F.3d 952, 958 (9th Cir. 2015). As applied to deceptive pricing FAL claims, a plaintiff must supply enough details to demonstrate, under the reasonable consumer standard, how and why the pricing was misleading; however, when a plaintiff claims that an entire pricing scheme is deceptive, the court is not obliged to analyze a single allegation in isolation when evaluating the plaintiff's individual purchases on a motion under Rule 12(b)(6). *Real v. Y.M.I. Jeanswear, Inc.* No. EDCV 17-0870 JGB (DTBx), 2017 U.S. Dist. LEXIS 237643 (C.D. Cal. Sept. 1, 2017).

The Federal Trade Commission's ("FTC") Pricing Guide on former price comparisons, 16 C.F.R 233.2(c), previously found by this Court to be "informative" in these contexts, *Real*, 2017 U.S. Dist. LEXIS, at *10, distinguishes between former price comparison advertising and comparative value advertising. 16 C.F.R. 233.1, 233.2(a), (c); *Horosny v. Burlington Coat Factory of Cal., LLC*, No. 15-05005 SJO (MRWx), 2015 U.S. Dist. LEXIS 179419, at *15-16 (C.D. Cal. Oct. 26, 2015). "Former price comparisons indicate that the retailer formerly offered the good at the listed price, and are indicated by language such as 'Formerly sold at $___' or 'Were $10, Now Only $7.50!" *Horosny*, 2015 U.S. Dist. LEXIS 179419 at *15 (citing 16 C.F.R. § 233.1). In contrast, "comparable value comparisons merely indicate that merchandise of 'like grade and quality' are sold by the advertiser or others in the area at the listed price, and can be indicated by language such as 'Comparable Value $15.00.'" *Id.* at *16 (quoting 16 C.F.R. 233.2(c)). In applying the FTC guidelines, this Court has explicitly distinguished between strikethrough price comparisons, which are reasonably understood to be former price comparisons, and "the use of text such as 'Comparable Value' or 'Retail Value, My Price,'" which are "deemed 'retail price comparisons or 'comparable value comparisons.'" *Real*, 2017 U.S. Dist. LEXIS 237643, at *10. Plaintiff has alleged that Caraway's strikethrough pricing leads a reasonable consumer to believe that the "struckthrough" price is a price formerly offered by Caraway, and thus a former price comparison under 16 C.F.R. § 233.1. (Compl. ¶ 73.) However, although the prices are displayed with a strikethrough comparison, the accompanying explanatory text explicitly states that the price displayed in strikethrough format reflects the "set value," making it reasonably understood by consumers as a comparable value comparison under section 233.2(c) rather than a former price comparison under section 233.1. This is particularly true in a direct-to-consumer model such as Caraway's website where the whole foundation of the transaction is that the consumer is buying directly from the manufacturer to avoid

retail pricing. *See* 16 C.F.R. 233.2(c) ("A closely related form of bargain advertising is to offer a reduction from the prices being charged either by the advertiser *or by others in the advertiser's trade area* for merchandise of like grade and quality . . . ."). These allegations, specifically the explanatory text that accompanies the pricing, are present in the complaint and the screenshot provided by the plaintiff herself. (Compl. ¶ 30) The clear language effectively dispels any potential misinterpretation, and the context supports the conclusion that no reasonable consumer would be deceived. Moreover, Plaintiff does not allege any facts regarding the prices offered by Caraway or other advertisers for merchandise of like grade and quality to the items she purchased from Caraway's website—only that Caraway itself did not offer her exact item for the price in strikethrough on the website in the past. In other words, Plaintiff's theory of liability is a square peg of former price comparison attempting to fit in the round hole of, at most, a comparable value comparison. For these reasons, Plaintiff Hampton's claims should be dismissed.

**B. <u>Plaintiff Trevino Fails to State a FAL Claim because the Package Protection Fee Is a Line Item, Optional Fee</u>**

Plaintiff alleges that the Caraway Package Protection Fee is misleading to consumers that mistakenly opt in to a duplicative fee, but those allegations, like the Hampton class allegations, are belied by the explicit text on the Caraway website. Plaintiff seems to allege two strands of theories of liability: (1) that the Package Protection Fee misleads consumers that it is mandatory; and (2) that the Package Protection Fee is a "bait and switch" wherein Caraway promises free shipping, and yet tricks consumers into opting in to the Package Protection Fee. Both of these theories are eviscerated by facts alleged in Plaintiffs' own pleading—namely, that the Package Protection Fee is explicitly optional.

Specifically, the Package Protection Fee has numerous methods of notifying consumers that it is optional. As alleged in the Complaint, the Package Protection

Fee on the checkout page is listed as a line item. (Compl. ¶ 48.) Below the total price, the term "Caraway Package Protection" is listed again, with a checkbox next to it. (*Id.*) Below that, explanatory text reads "Help the planet & get streamlined resolution for any package issues." (*Id.*) This box can be unchecked. This flies in the face of Plaintiffs' allegation that it is a "junk fee" or "drip pricing." By Plaintiffs' own definition, junk fees or drip pricing take the form of *mandatory* fees. (Compl. ¶¶ 62, 65.)[1] The line item Package Protection Fee, the checkbox, and the explanatory text, taken together, renders the Package Protection Fee explicitly *optional* to a reasonable consumer. Ergo, it cannot be a junk fee or drip pricing.

Plaintiffs' backup argument appears to be that although the Package Protection Fee is optional, it appears to be mandatory, and is nonetheless misleading to a reasonable consumer, regardless of whether it meets the definition of a junk fee or drip pricing. This novel argument is refuted by reference to the recent persuasive authority of *In re Amazon Service Fee Litigation*, No. 2:22-cv-00743-TL, 2024 U.S. Dist. LEXIS 127117 (W.D. Wash. July 18, 2024). That case involved allegations of false advertising (under an analogous Washington state consumer protection law, the Consumer Protection Act) against Amazon Prime, a paid subscription providing benefits like free delivery, including grocery deliveries from Whole Foods. In October 2021, they introduced a $9.95 service fee for Whole Foods deliveries. After its implementation, this fee was disclosed on at least two separate webpages in the checkout process, including the final order page where the fee was again disclosed. The Western District of Washington granted Amazon's motion to dismiss the complaint, holding that optional delivery fees that were disclosed to the consumer before checkout were not deceptive: "At its root,

---

[11] Plaintiffs engage in a bit of sleight of hand here, in stating that CLRA's recent ban on drip pricing prohibits "additional or mandatory fees" not disclosed to the consumer. (Compl. ¶ 65.) However, the actual text of the law cited only uses the term "mandatory fees" in prohibiting drip pricing. Cal. Civ. Code § 1770(a)(29) (prohibiting "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges," subject to exceptions). In other words, optional additional fees are not drip pricing, and are not prohibited by the CLRA; Compl. ¶ 147(f).

Plaintiff['s] argument is that Defendant did not disclose the information to her in her preferred method, which does not itself constitute a deceptive act under the [Consumer Protection Act]." *Amazon*, 2024 U.S. Dist. LEXIS 127117, at *26.

Here, much like in *Amazon*, Plaintiffs' claim boils down to a gripe that the Package Protection Fee is not disclosed to her in a manner that she would prefer. The Package Protection Fee is disclosed to the Plaintiff in multiple places during the check-out process, and she was given the option to opt out of it. That is sufficient to render her claims regarding the Package Protection Fee insufficient as a matter of law under *Amazon*. Moreover, the broader argument that the Package Protection Fee is a bait-and-switch is also contradicted by the facts in the pleadings. The explanatory text under the Package Protection Fee explains that that fee is distinct from the cost of shipping, which is free to the customer. The website clearly delineates the Package Protection Fee as an optional service, explicitly stating that it is "to help the planet & get streamlined resolution for any package issues." This statement, located directly beneath the selection box, clarifies that the Fee functions as a form of insurance—an optional add-on, separate from the free shipping offer. Plaintiff argues that this is misleading because shipping includes the costs of getting an item from point A to point B, but that also ignores the significance of *insuring* the shipping of items. The claim that shipping should inherently include this fee disregards the industry practice, where carriers routinely ask whether customers want to opt into package protection, especially for valuable or sizable items. That is precisely what occurred here. Offering an optional Package Protection Fee is not a bait-and-switch tactic; rather, it is a standard, clearly disclosed add-on designed to provide consumers with a choice. Such transparency and optionality are lawful and consistent with consumer expectations.

Additionally, it is significant that the CLRA rule[2] against drip pricing explicitly excludes shipping costs from the definition of drip pricing. Cal. Civ. Code § 1770(a)(29)(A)(ii) (excluding from drip pricing "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer"). Thus, even if Plaintiffs' arguments were correct that the option to include the Package Protection Fee were somehow shipping fees, it would still not be an instance of drip pricing. Plaintiffs' assertion that Defendant deceives consumers by advertising free shipping on orders over $90 and then adding a Package Protection Fee lacks merit because the fee is unequivocally optional.

In summary, the Package Protection Fee is an optional, clearly disclosed add-on, not a mandatory charge or a deceptive bait-and-switch tactic as similarly discussed in *Amazon*, 2024 U.S. Dist. LEXIS 127117. The website explicitly states that it functions as a form of insurance, giving consumers a choice rather than imposing an unavoidable fee. Therefore, Plaintiff's claims that Defendant engaged in deceptive pricing are unfounded.

### C. <u>Because All of Plaintiffs' Claims Depend on the Reasonable Consumer Test, Plaintiffs' CLRA and UCL Claims Likewise Fail</u>

Because Plaintiffs' non-FAL claims depend on the same reasonable consumer analysis, they likewise fail. As discussed above, FAL, CLRA, and UCL claims are analyzed together, as they all are subject to the same reasonable consumer analysis. Here, both named Plaintiffs' claims have failed to allege conduct by Caraway that would mislead a reasonable consumer under the FAL. Likewise, Plaintiffs CLRA and UCL claims must fail as a matter of law as well.[3]

///

///

---

[2] Defendant recognizes that this pertains to the CLRA dimensions of the Complaint, and not the FAL claims, but as discussed above, all of these claims are interrelated via the reasonable consumer test.

[3] More specifically, the UCL claims, to the extent they are premised on the CLRA and FAL claims under the "unlawful" prong, must fail if the other two claims do.

### D. <u>Plaintiffs Fail to State Viable Claims for Restitution.</u>

Plaintiffs bring claims for the remedy of restitution as part of their UCL and FAL claims, as well as their unjust enrichment claim. However, Plaintiffs have not alleged an injury in fact to support that relief. Specifically, Plaintiffs have not pled that the items they received from Caraway were worth anything less than what they paid. Plaintiffs have alleged a price premium theory of constitutional standing under *Kwikset/Hinojos*, but that only establishes the minimum standing to bring a claim, period—it does not establish the right to recover restitution, which requires the additional allegations of a price versus value differential. *Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925 (9th Cir. 2008). Plaintiffs have not made any allegations of item value here—perhaps to avoid wandering into the comparable value comparison territory they have sought to avoid via their pleading. As a result, Plaintiffs may not seek restitution via their UCL and FAL claims.

## V. CONCLUSION

In conclusion, Plaintiffs allegations of deception are without merit. The clear disclosures regarding the strikethrough pricing explicitly convey that it reflects the retail value or a comparative price, not a past sale price, which aligns with legal standards and FTC guidance. Furthermore, the Package Protection Fee is an optional, transparently disclosed add-on, presented as insurance rather than a mandatory fee or bait-and-switch tactic.

///

///

///

///

///

///

///

Consequently, Plaintiffs' claims are unfounded, and the Complaint should be dismissed in its entirety with prejudice.

Dated July 23, 2025

**GUPTA EVANS & AYRES, PC**

/s/ Jacob A. Ayres
Jacob A. Ayres, Esq.
Alessandro Nolfo, Esq.
*Attorneys for Defendant Caraway Home, Inc.*