Scott Edelsberg (SBN 330090)
**EDELSBERG LAW, P.A.**
scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (305) 975-3320

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ERICA HAMPTION and VANESSA TREVINO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CARAWAY HOME, INC.

Defendant.

Case No. 2:25-cv-03489 MRA (MARx)

[Former Los Angeles Superior Court Case No. 25STCV06824]

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Date: September 15, 2025
Time: 1:30 PM
Ctrm: Hon. Monica Ramirez Almadani

## TABLE OF CONTENTS

INTRODUCTION ........................................ 1

PROCEDURAL AND FACTUAL HISTORY ........................................ 3

Plaintiff Hampton's Experience -- False Reference Pricing ........................................ 3

Plaintiff Trevino's Experience – Caraway Package Fee ........................................ 5

ARGUMENT ........................................ 7

I. Legal Standard ........................................ 7

II. Plaintiff Hampton Plausibly Alleges Fictitious Reference Pricing in Violation of UCL, FAL and CLRA. ........................................ 7

a. Plaintiff Hampton Sufficiently Alleges That the Pricing Displays are Based on Fictitious Former Price Comparison. ........................................ 7

b. Plaintiff Hampton Satisfies the Reasonable Consumer Standard and, in any Event, This is a Factual Inquiry Unsuitable for Resolution at the Pleading Stage. ........................................ 11

III. Plaintiff Trevino's Plausibly Alleges Statutory Claims under UCL, FAL, and CLRA. ........................................ 14

a. Defendant's Automatic Addition of the Caraway Package Fee is a Negative Option and Deceptive. ........................................ 14

b. Plaintiff Trevino Plausible Alleges that Defendant's Automatic Inclusion of the Caraway Package Protection is Deceptive Under the Reasonable Consumer Standard. ........................................ 17

IV. Plaintiffs State Viable Claims for Restitution Under UCL and Unjust Enrichment. ........................................ 18

CONCLUSION ........................................ 19

## TABLE OF AUTHORITIES

**Cases**

*Anderberg v. Hain Celestial Group, Inc.*, 652 F. Supp. 3d 1232 (S.D. Cal. 2023), *reconsideration denied*, No. 3-21-CV01794RBMSBC, 2023 WL 7311200 (S.D. Cal. Nov. 6, 2023) .......... 13

*Arnold v. Hearst Mag. Media, Inc.*, No. 19-CV-1969-WQH-MDD, 2021 WL 48834 (S.D. Cal. Feb. 10, 2021) .......... 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 7

*Chester v. TJX Companies, Inc.*, 2016 WL 4414768 (C.D. Cal. Aug. 18, 2016) .......... 19

*Consentino v. Bridgestone Retail Operations, LLC*, No. 0:24-CV-60703, 2024 WL 3983985 (S.D. Fla. Aug. 29, 2024) .......... 15

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) .......... 12

*Gonzalez v. Childrens Place, Inc.*, No. SACV 22-0816 JGB (KESX), 2024 WL 5413173 (C.D. Cal. Nov. 21, 2024) .......... 10

*Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013) .......... 19

*Hudson Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767 (C.D. Cal. May 19, 2025) .......... 17

*In re Amazon Serv. Fee Litig.*, No. 2:22-CV-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024) .......... 15, 16

*Kasky v. Nike, Inc.*, 119 Cal. Rptr. 2d 296 (2002) .......... 12

*Khoday v. Symantec Corp.*, 93 F. Supp. 3d 1067 (D. Minn. 2015), *as amended* (Apr. 15, 2015) .......... 14, 16

*Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO, 2016 WL 3268995 (N.D. Cal. June 15, 2016) .......... 13

*Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115 (2007) .......... 17

*Linear Technology Corp. v. Applied Materials, Inc.*, 61 Cal.Rptr.3d 221 (2007) .......... 12

Munning v. Gap, Inc., No. 16-CV-03804-TEH, 2016 WL 6393550 (N.D. Cal. Oct. 28, 2016) .......... 12, 13

*N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983) .......... 7

*Nadler v. Nature's Way Products, LLC*, No. EDCV13100TJHOPX, 2014 WL 12601567, (C.D. Cal. Mar. 27, 2014) .......... 13

*Parks Sch. of Bus. v. Symington*, 51 F.3d 1480 (9th Cir. 1995) ....................................... 7

*Phillips v. Brooklyn Bedding LLC*, No. 23-CV-03781-RFL, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024)........................................................................ 12

*Real v. Y.M.I. Jeanswear, Inc.,* No. EDCV170870JGBDTBX, 2017 WL 11675686 (C.D. Cal. Sept. 1, 2017) .................................................................. 10, 13

*Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 WL 1245130 (N.D. Cal. Mar. 16, 2020) ....................................................................................................... 17

*Seagull v. WinRed, Inc.*, No. X07HHDCV226154527S, 2023 WL 4322714 (Conn. Super. Ct. June 28, 2023) ............................................................................ 15

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ............................................................ 7, 17

*Steinberg v. Icelandic Provisions, Inc.*, 2022 WL 220641 (N.D. Cal. Jan 25, 2022)........................................................................................................... 17

*U.S. v. MyLife.com, Inc.*, 499 F. Supp. 3d 757 (C.D. Cal. 2020) .................................. 14

*United States v. Gianelli*, 543 F.3d 1178 (9th Cir. 2008)............................................... 10

*United States v. Rozet*, 183 F.R.D. 662 (N.D. Cal. 1998) ............................................. 10

*Verduzco v. Conagra Foods Packaged Foods, LLC*, No. 118CV01681DADSKO, 2021 WL 2322522 (E.D. Cal. June 7, 2021)..................... 10

*Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718 (N.D. Cal. 2024) ..................... 13

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008) ..................... 11, 12, 17, 18

*Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117 (C.D. Cal. 2010) ......................... 18

**<u>Treatises</u>**

1A Callmann on Unfair Comp., Tr. & Mono. § 5:59 (4th ed. 2015)............................. 13

**<u>Regulations</u>**

16 C.F.R. § 310.2(w) ........................................................................................... 14

Plaintiffs Erica Hampton ("Hampton") and Vanessa Trevino ("Trevino") (collectively, "Plaintiffs") respectfully respond in opposition to Defendant Caraway Home, Inc.'s ("Defendant" or "Caraway") Motion to Dismiss ("Motion").

**INTRODUCTION**

In a few short years, Defendant has positioned itself as a leading name in the specialty cookware market. But its rapid growth and profitability have come, in part, through two (2) deceptive and unlawful sales techniques designed to mislead consumers and induce purchases under false pretenses.

First, Defendant systematically advertises many of its products as being on sale and/or subject to a substantial discount value savings, displaying a strikethrough price alongside a purported "original" or "reference" price. However, as alleged in the Complaint, these reference prices are not genuine former prices at which the products were sold or offered for sale for any meaningful or reasonable period of time. The product Plaintiff Hampton purchased, for example, was sold at the same "discounted" price from three years ago. This pricing scheme creates the false impression of a substantial savings, misleading reasonable consumers like Plaintiff Hampton into making purchases they otherwise would not have made.

In response, Defendant contends that (1) no reasonable consumer would be misled by its pricing displays, and (2) its strikethrough prices are based on "comparable market value," not former prices. But these arguments mischaracterize the Complaint and prematurely seek dismissal based on fact-intensive questions under the reasonable consumer standard. The Complaint does not challenge comparative pricing representations; it challenges deceptive reference pricing based on fictitious former prices. Defendant's post hoc claim that the term "set value" transforms its display into a legitimate comparative pricing statement fails for multiple reasons: (1) the term is hidden behind a clickable icon, and, thus, is not part of the initial pricing display; (2) even assuming a consumer would know to click the icon, the term appears without explanation or definition; and (3) there is no allegation that the term was seen or relied on by Plaintiff

Hampton at the time of purchase. Even if "set value" could be construed as a form of disclosure, it is too ambiguous and insufficiently prominent to cure the deception. Courts have repeatedly held that strikethrough prices are reasonably understood by consumers to be former prices—and when they are not, the practice is misleading and actionable. At a minimum, whether a reasonable consumer would be misled based on Defendant's pricing displays is a factual question inappropriate for resolution at the pleading stage.

Second, Defendant advertises "free shipping" on orders that meet a certain dollar threshold, yet it automatically and surreptitiously adds a pre-selected Caraway Package Protection Fee ("Caraway Package Fee") at the final stage of checkout. As elucidated in the Complaint, the assessment of the Caraway Package Fee is deceptive and unfair because: (1) Defendant does not adequately disclose the fee until the final step of the multi-step checkout process; (2) the fee is ambiguously named and vaguely described; (3) it is pre-selected and automatically added to the consumer's cart, creating the impression it is mandatory; (4) consumers are not clearly informed that the fee is optional and can be removed; and (5) the fee operates as a hidden shipping cost.

In response, Defendant argues that that the fee is merely an optional insurance service that was clearly disclosed and would not mislead a reasonable consumer. But this contention ignores the deceptive manner in which the fee is presented to consumers and, once again, misapprehends the law. Reasonable consumers are not informed in a clear and conspicuous way that the fee is optional or removable. Instead, the fee is pre-checked and quietly embedded at the final checkout screen, after consumers have already completed several steps and made key purchasing decisions. This creates the misleading impression that the fee is a required part of the transaction or, at a minimum, related to shipping. Courts have routinely rejected such negative option tactics—where silence or inaction is treated as consent—as inherently deceptive and unlawful under California's consumer protection statutes. Defendant cannot sidestep the well-pleaded allegations by simply labeling the fee "optional" after the fact. Moreover, as with the reference pricing

scheme, whether the presentation of the Caraway Package Fee is likely to mislead reasonable consumers is question of fact that should not be resolved at the pleading stage.

For these reasons, and those further explained below, Defendant's Motion should be denied in its entirety.

## PROCEDURAL AND FACTUAL HISTORY

On March 10, 2025, Plaintiffs Erica Hampton and Vanessa Trevino filed their class action complaint against Defendant in the Superior Court of California, County of Los Angeles. ECF No. 1-2 ("Compl."). On April 16, 2025, Defendant filed a Notice of Removal. ECF No. 1. Following removal, on April 21, 2025, the case was transferred to the Central District of California, Western Division. ECF No. 5. On July 23, 2025, Defendant filed its Motion to Dismiss. ECF No. 19.

Defendant makes and sells hybrid and specialty cookware products. Compl. ¶ 10. Defendant maintains a public website where it advertises its products. *Id*. Consumers who visit the website can purchase the products through an online store hosted on the website. *Id*.

***Plaintiff Hampton's Experience -- False Reference Pricing***

Defendant advertises various products as being on sale on its website, and the products show two prices: the "discounted" sale or value price, and a second higher price at which the item was purportedly offered at some point in time. *Id.* ¶ 30. Adjacent to the (false) original price, Defendant advertises a sale or discount price, which is the price at which the product is currently offered for sale or on discount. *Id.* ¶ 38. Defendant typically displays the reduced price in bolder, larger font. *Id*. Consumers first encounter the following price display when viewing a product:




*Id.* ¶ 45.

Once a consumer clicks on the icon to the right of the strikethrough price, they are presented with the dropdown menu showing the "set value" and "set savings":




*Id.* ¶ 30.

The advertised sale price and percentage varies for different products, but in every instance, Defendant is benefitting from the false reference pricing scheme, as it misleads consumers to believe that the value of its products' are higher than they really are and that the discounts are greater than what they are. *Id*. ¶ 32. In actuality, the percentage-off discounts are not true discounts as they are applied to an advertised "original" price that does not represent the price at which Defendant regularly sold the item in the normal course of business or what the collections of the items in the set are worth. *Id*. ¶ 34.

Plaintiff Hampton bought several Caraway products from Defendant's website, including Caraway's Cookware Set ("Cookware Set"), which Defendant advertised as being on either sale and/or subject to a substantial discount value savings. *Id.* ¶¶ 11, 69. In reliance on Defendant's representations and omissions with respect to the pricing of the Cookware Set, its value, and the amount of savings she purportedly was receiving, Plaintiff Hampton placed her order. *Id.* ¶¶ 13, 71, 116. In reality, and based on her counsel's investigation, Defendant did not sell the Cookware Set for the false original price advertised ($545.00) for a reasonably substantial period of time, if ever at all. *Id*. ¶¶ 72, 74. In fact, nearly three years later, Defendant is still selling the same Cookware Set that Plaintiff Hampton purchased for the exact same price of $395.00. *Id*. Accordingly, Plaintiff Hampton never received any discount. *Id*. ¶ 72.

Plaintiff Hampton would not have purchased the Cookware Set, or would have paid less for it, had she known that its true regular price was less than the advertised false reference price. *Id.* ¶¶14, 73. When consumers purchase Defendant's bundled products, they will undoubtedly overpay, and they will all not receive the benefit of the promised discounts due to Defendant's overvaluation of its products. *Id.* ¶ 44.

***Plaintiff Trevino's Experience – Caraway Package Fee***

Defendant also prominently advertises "free shipping" on orders that exceed $90.00 on its website. *Id.* ¶¶ 16-17, 45. Such representations never carry a disclaimer or other warning that free shipping only includes certain aspects of the shipping process. *Id.* ¶ 46. Once an item is added to the online shopping cart, Defendant deceptively and

automatically adds the Caraway Package Fee to the cart, but fails to disclose this fee until when consumers select "Checkout," and are directed to the checkout page, where the pre-selected fee is automatically displayed for the first time. *Id.* ¶¶ 48, 56. This process fails to provide an adequate advance warning to customers that such a fee will be imposed on their purchases. *Id.* ¶ 56. Additionally, Defendant does not make it clear that this fee is optional and can be removed. *Id.* ¶ 49. Instead, it intentionally places a checkbox underneath the total price, which is surreptitiously placed in no proximity to the purchase button. *Id*. By automatically adding the Caraway Package Fee to every cart, Defendant leads consumers to believe that it is a required cost. *Id.* ¶ 57. By placing a checkbox underneath the total purchase price, and far away from the purchase button, Caraway does not provide reasonable or adequate notice that the fee is optional. *Id*.

Moreover, the Caraway Package Fee is misleading as shipping is not, in fact, free. *Id.* ¶ 50. Reasonable consumers like Plaintiff understand shipping to include reasonable accoutrements to effectuate that shipping, including human or robot packing of the item, materials needed to pack the item, bringing the item to a shipping point like a post office or UPS location. *Id.* ¶ 51. In short, there is no "Package Protection" of the purchased item, separate and apart from the shipping process, and Caraway deceived consumers by stating otherwise. *Id.* ¶ 52.

When using the website, Caraway advertised to Plaintiff Trevino that she would receive "Free Shipping" as part of her purchase if her order exceed a specific dollar threshold. *Id.* ¶ 76. Enticed by the idea of receiving free shipping, Plaintiff Trevino proceeded to purchase several products. *Id.* ¶ 77. Plaintiff Trevino's order exceed the threshold for free shipping. *Id*. Plaintiff Trevino did not choose to add the Caraway Package Fee to her purchase. *Id.* ¶ 78. Instead, Caraway surreptitiously added the Caraway Package Fee into her cart without her permission. *Id*. Plaintiff Trevino did not see an option to opt-out of the Caraway Package Fee. *Id.* Despite Defendant's promise of free shipping, Defendant deceptively and automatically added the Caraway Package Fee to Plaintiff Trevino's shopping cart as soon as she selected an item. *Id.* ¶ 18, 78. Caraway

induced Plaintiff Trevino to purchase the products by falsely representing to her that she was receiving free shipping. *Id.* ¶ 80. Plaintiff Trevino would not have purchased the products, or would have paid less for them, had she known that she would not be receiving free shipping as promised. *Id.* Moreover, Plaintiff Trevino would never have paid for the Caraway Package Fee if she knew it was optional and not mandatory. *Id.*

## ARGUMENT

### I. Legal Standard

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). The Court must take "all allegations of material fact as true and construe[] them in the light[] most favorable to the nonmoving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### II. Plaintiff Hampton Plausibly Alleges Fictitious Reference Pricing in Violation of UCL, FAL and CLRA.

#### a. Plaintiff Hampton Sufficiently Alleges That the Pricing Displays are Based on Fictitious Former Price Comparison.

Defendant first argues that the strikethrough prices displayed in its advertising are "legitimately" based on comparative value representations, not former price comparisons.

Mot. at 6-7. In doing so, Defendant badly misconstrues Plaintiff Hampton's[1] claims and distorts the allegations in the complaint.

Specifically, Defendant suggests that the phrase "set value" in its advertising indicates that the strikethrough prices reflect comparable market values, and thus falls outside the scope of former price regulations such as 16 C.F.R. § 233.2. But that argument fails for multiple reasons.

First, as a threshold matter, the phrase "set value" does not appear anywhere on the initial pricing display visible to consumers. As demonstrated in the Complaint, consumers first see the following price display when viewing a product:




Compl. ¶ 45.

Defendant omits that a consumer must *affirmatively* click the icon adjacent to the strikethrough price to discover that term. Only after they have the wherewithal to—and actually—click the icon, are they presented with the following drop down with the phrase "set value":

[1] Defendant refers to Plaintiff Trevino in this section; however, this appears to be an error. It is Plaintiff Hampton who represents the False Reference Pricing Class and asserts the corresponding claims.




Compl. ¶ 30.[2]

Requiring consumers to affirmatively click on the icon to access whatever this information represents is not sufficient. And even then, the phrase "set value" appears without any explanation, definition, or context. There is no indication of how the "set value" is determined, whether it reflects the price of comparable items, or whether it ever functioned as the actual selling price. The absence of this critical information renders the disclosure both opaque and meaningless. A reasonable consumer would not infer from this vague terminology that the strikethrough price reflects a comparison to market alternatives.

Indeed, comparable value designations typically include phrases such as "Comparable Value," "Retail Value," or "Compare At," as contemplated in 16 C.F.R. § 233.2. Here, those standard comparative pricing indicators are entirely absent. The term "set value" is also inherently ambiguous and could plausibly be interpreted as referring to the price of a product *set* (i.e., a bundle), a meaning Defendant has not addressed and

[2] Plaintiffs acknowledge that the screenshot in ¶ 30 of the Complaint includes the drop-down menu; however, that menu appears only after a consumer affirmatively clicks on the adjacent icon. It does not reflect the initial product display presented to consumers.

therefore waived. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) ("Argument raised for the first time in a reply brief are generally considered waived.").[3]

Regardless, courts have repeatedly recognized "[t]he placement of a price in strike-through font next to a lower price is reasonably believed to be a former price comparison." *Real v. Y.M.I. Jeanswear, Inc.,* No. EDCV170870JGBDTBX, 2017 WL 11675686, at *4 (C.D. Cal. Sept. 1, 2017). Without further clarification or context, a reasonable consumer has no basis to understand the strikethrough price as a legitimate market comparison. *See Gonzalez v. Childrens Place, Inc.,* No. SACV 22-0816 JGB (KESX), 2024 WL 5413173, at *8 (C.D. Cal. Nov. 21, 2024) (finding similar allegations were "sufficient to establish that Plaintiffs reasonably understood the strike-through price to be Defendant's former price for that particular item at that particular store, not the prevailing market price of similar goods from other retailers.")

Moreover, there is no allegation that Plaintiff was ever informed—at the time of purchase—that the product had a "set value," or that she understood the strikethrough price to reflect a comparison to any external benchmark. To the contrary, the Complaint alleges that the strikethrough prices were designed to falsely imply a discount from a bona fide former price, when no such discount ever existed. Compl., ¶¶ 32-34. These are precisely the deceptive practices that California law prohibits.

Finally, and most notably, the disconnect between what Plaintiff understood at the time of purchase and Defendant's post hoc assertion that the pricing represents a "comparable value"—rather than a former price—only reinforces how misleading the practice is to reasonable consumers. Plaintiff interpreted the strikethrough pricing as a representation of a previous sales price, not a market comparison. This divergence in

[3] *See also Verduzco v. Conagra Foods Packaged Foods, LLC*, No. 118CV01681DADSKO, 2021 WL 2322522, at *6 (E.D. Cal. June 7, 2021) (holding that because defendant failed to address certain claim in its motion to dismiss, defendant waived its argument presented for the first itme in the reply brief"); *United States v. Rozet*, 183 F.R.D. 662, 667 (N.D. Cal. 1998) ("Legal issues raised for the first time in reply briefs are waived.").

interpretation illustrates that the pricing display is ambiguous at best and deceptive at worst—precisely the kind of consumer confusion that the UCL, FAL, and CLRA are intended to prevent. The absence of clear, prominent, and accurate disclosures—particularly where the term "set value" is hidden behind an icon, undefined—further underscores the misleading nature of the representation. At a minimum, this factual dispute over how a reasonable consumer would interpret the pricing display precludes dismissal at the pleading stage.

Accordingly, the Motion to Dismiss should be denied.

**b. Plaintiff Hampton Satisfies the Reasonable Consumer Standard and, in any Event, This is a Factual Inquiry Unsuitable for Resolution at the Pleading Stage.**

Defendant next argues that the "accompanying explanatory text" of "set value" renders it "reasonably understood by consumers" that the pricing display is a comparable value comparison under Section 233.2. This argument fails for several reasons.

First, as explained above, there is no "accompanying explanatory text" in the initial price display. The term "set value" is revealed only after an additional click, and even then, it lacks any explanation or context. *See supra* Part II(a). There is also no allegation that Plaintiff ever saw or relied on this term. Moreover, Plaintiff Hampton does not allege that this is a *comparable value* representation at all; the Complaint expressly challenges it as a fictitious *former* price. Defendant's effort to recharacterize the pricing as something it is not must be rejected.

Even assuming, *arguendo*, that Defendant challenges the sufficiency of Plaintiff Hampton's allegations under the reasonable consumer test related to former price comparison, the challenge also fails. To state a claim under the UCL, FAL, or CLRA, Plaintiff Hampton must allege facts showing that the advertisement in question is likely to deceive a reasonably consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (stating that California's false advertising laws provide relief only when advertisements could deceive a reasonable consumer). False advertisement

laws prohibit "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Id.* at 939 (citing *Kasky v. Nike, Inc.*, 119 Cal. Rptr. 2d 296 (2002)).

This standard requires only a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016) (citation and quotation omitted). The Ninth Circuit has consistently held that "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938; *see also Linear Technology Corp. v. Applied Materials, Inc.,* 61 Cal.Rptr.3d 221, 237 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." (internal citation and quotation omitted).

While dismissal may be appropriate in *rare* cases where "it is impossible for the plaintiff to prove that a reasonable consumer would be deceived," that is not such a case. *Williams*, 552 F.3d at 939. Here, Plaintiff Hampton alleges that Caraway advertises its products with a strikethrough price to suggest a meaningful discount, when in fact the "discounted" price is the regular price and the strikethrough price was never the actual selling price for a reasonable period of time. *See supra* at p. 5. These allegations are sufficient on a motion to dismiss to support a finding that a reasonable consumer could be misled into believing they are receiving a genuine bargain or temporary savings when they are not. *See Phillips v. Brooklyn Bedding LLC*, No. 23-CV-03781-RFL, 2024 WL 2830663, at *4 (N.D. Cal. Mar. 28, 2024) (denying motion to dismiss and holding that *"*[a]t the pleading stage, it is plausible that displaying prices in strikethrough font beside lower prices could suggest to a reasonable consumer that the product was formerly or regularly sold at the higher, struck-through price prior to the sale"); *see also Munning v. Gap, Inc.*, No. 16-CV-03804-TEH, 2016 WL 6393550, at *5 (N.D. Cal. Oct. 28, 2016)

("By alleging that products on Defendants' websites listed crossed-out prices followed by a percentage discount and a new price, Plaintiff has provided enough facts such that it is plausible a reasonable consumer could view the prices as being deceptive.").

Courts in the Ninth Circuit have long observed that "[a] reasonable consumer does not need language such as, 'Formerly $9.99, Now 40% Off $9.99,' or, '40% Off the Former Price of $9.99,' to reasonably understand '40% off' to mean 40% off the former price of the product." *Knapp v. Art.com, Inc.,* No. 16-cv-00768-WHO, 2016 WL 3268995, at *4 (N.D. Cal. June 15, 2016). Moreover, courts have construed strikethrough prices as representing former prices despite "[t]he lack of specific words indicating the regular price." *Munning*, 2016 WL 6393550, at *4; *see Vizcarra v. Michaels Stores, Inc*., 710 F. Supp. 3d 718, 725 (N.D. Cal. 2024) (CLRA claim plausibly pled where "the essence of [plaintiff's] allegations ... is that [the defendant's] advertised sales, discounts, and coupons are not as good as they might at first appear because its products are always on sale and customers never have to pay the listed 'regular' price"). "An advertised discount price can be deceptive because it does not differ from the normal price, the product has rarely been sold at the putative list price, or because the alleged original price constituted a false valuation of the product." *Real*, 2017 WL 11675686, at *3 (citing 1A Callmann on Unfair Comp., Tr. & Mono. § 5:59 (4th ed. 2015)). Plaintiff here alleges all three forms of deception. *See supra* at p. 5.

At the very least, these are fact-intensive questions that should not be resolved on a motion to dismiss. *See, e.g., Anderberg v. Hain Celestial Group, Inc*., 652 F. Supp. 3d 1232, 1242 (S.D. Cal. 2023), *reconsideration denied*, No. 3-21-CV01794RBMSBC, 2023 WL 7311200 (S.D. Cal. Nov. 6, 2023) (finding that whether reasonable person would have been misled by label was "not fit for determination on a motion to dismiss in this case"); *see also Nadler v. Nature's Way Products, LLC*, No. EDCV13100TJHOPX, 2014 WL 12601567, at *2 (C.D. Cal. Mar. 27, 2014) ("[w]hether the representations are likely to deceive a reasonable consumer is a question of fact not suitable for a motion to dismiss"). In this case, discovery is necessary to evaluate the nature of Defendant's

pricing practices, what consumers are exposed to, and what they reasonably understand. For this reason, dismissal at this stage, based on the existing allegations, would be premature.

Accordingly, the Motion to Dismiss should be denied.

## III. Plaintiff Trevino's Plausibly Alleges Statutory Claims under UCL, FAL, and CLRA.

### a. Defendant's Automatic Addition of the Caraway Package Fee is a Negative Option and Deceptive.

Plaintiff Trevino alleges a clear and deceptive practice: Defendant surreptitiously tacks on the Caraway Package Fee to all orders made on its website without consumers' consent. Compl., ¶ 18. The fee is pre-selected and silently added to the consumer's cart during the checkout process, with no action required by the consumer to include it, and without obtaining the consumer's consent. *Id*. This practice is tantamount to a "negative option feature," which is defined as "'an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer.'" *U.S. v. MyLife.com, Inc.*, 499 F. Supp. 3d 757, 761 (C.D. Cal. 2020) (quoting 16 C.F.R. § 310.2(w)). The automatic, pre-checked imposition of the Caraway Package Fee falls squarely within this definition and is inherently deceptive under California's consumer protection statutes.

Courts regularly find similar "negative option" setups to be misleading and in violation of the UCL, FAL, and CLRA. In *Khoday v. Symantec Corp.*, for example, the court considered whether the automatic inclusion of a "download insurance" charge—automatically added to consumers' shopping carts on Symantec's website—could support claims under California consumer protection statutes. 93 F. Supp. 3d 1067, 1073 (D. Minn. 2015), *as amended* (Apr. 15, 2015). To avoid purchasing the "[d]ownload insurance," a customer would have to affirmatively "opt out" of the download insurance purchase and remove it from the cart. *Id*. The court in *Khoday* denied summary judgment, finding a triable issue as to whether the automatic inclusion of the charge was a

misrepresentation upon which plaintiffs relied on to their detriment. *Id*. at 1089. The conduct alleged here is nearly identical: Defendant adds a fee for package protection to consumers' carts by default and without affirmative consent, requiring the consumer to take specific steps to discover and remove the charge.

While Defendant asserts that its Caraway Package Fee is "clearly and conspicuously" disclosed as a line item that can be "unchecked" (Mot. at 8–9), the actual user experience tells a different story. The fee is not shown when a consumer adds a product to the cart, only appearing at the final payment screen—presented as if it were a product the consumer had intentionally selected. Compl. ¶¶ 47–48, 56. The mechanism to remove it is not prominently displayed. *Id*. ¶¶ 57–58

Courts have consistently found that pre-checked boxes and hidden opt-outs are plausibly deceptive. *See, e.g., Arnold v. Hearst Mag. Media, Inc.*, No. 19-CV-1969-WQH-MDD, 2021 WL 48834, *6-7 (S.D. Cal. Feb. 10, 2021) (plaintiff plausibly stated a claim that automatic magazine renewal constituted negative option that violated CLRA and UCL); *see also Consentino v. Bridgestone Retail Operations, LLC*, No. 0:24-CV-60703, 2024 WL 3983985, at *3 (S.D. Fla. Aug. 29, 2024) (citing "negative options" cases that have been found sufficient to constitute a deceptive or unfair practice); *Seagull v. WinRed, Inc.*, No. X07HHDCV226154527S, 2023 WL 4322714, at *4 (Conn. Super. Ct. June 28, 2023) ("the option to use default, pre-checked recurring donation boxes may be inherently misleading[.]")

Defendant's reliance on *In re Amazon Serv. Fee Litig.,* No. 2:22-CV-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024) is unavailing. There, the court addressed optional delivery service fees charged by Whole Foods. 2024 WL 3460939 at *1-2. As a threshold matter, unlike here, the court there did not consider any argument pertaining to whether the optional fee was deceptive for appearing to be designed as mandatory. *See id.* Moreover, there, the court emphasized that the delivery fees were clearly disclosed on multiple pages and tied to a consumer's express decision to select delivery over free pickup. *See id*. at *8-9. Specifically, the court noted that the fee was presented on "at least

two separate webpages," the first of which was "disclosed immediately above the drop-down menu where a customer must select a quantity of the item." *Id*. at *8. And on that drop down menu, "the font regarding the fee [was] larger than the font regarding quantity, and the fee is the only information other than quantity in the "Add to Cart" box." *Id*. Moreover, on the checkout page, the court noted that the was disclosed in the "Order Summary" in the "same size and font as the cost of the products and associated taxes but is blue and bolded, which makes it stand out from the other costs." *Id*.

None of these circumstances are present here. Defendant does not present the Caraway Package Fee on multiple pages or at an early stage in the purchase flow. Instead, Defendant concedes that the fee is first disclosed only at the final payment screen. Mot. at 8–9. Moreover, as a line item, it is not highlighted in bold or large font. And unlike *Amazon*, where the delivery fee was only applied when the consumer selected a particular service option (delivery over pickup), here the Caraway Package Fee is imposed automatically without any user-initiated service upgrade or selection. This is the precise form of deceptive "negative option" marketing that courts have routinely found actionable. *See Khoday,* 93 F. Supp. 3d at 1073.

Moreover, the context of the business magnifies the deception. Unlike Whole Foods, whose optional delivery service was clearly supplemental to the core product, Defendant's core business necessarily involves shipping cookware. When using Defendant's website, it would not be reasonable for consumers to assume or expect that a purported "protection" charge would be automatically added to their cart totals, and especially not under the guise of "shipping," which is a service inherent to the nature of Defendant's business. Defendant's practice thus deceptively blurs the line between core product cost and optional ancillary services, misrepresenting what the consumer is actually agreeing to purchase.

Accordingly, Plaintiff Trevino has plausibly alleged that Defendant's automatic inclusion of the Caraway Package Fee constitutes an unfair and deceptive negative option practice under the UCL, FAL, and CLRA.

**b. Plaintiff Trevino Plausible Alleges that Defendant's Automatic Inclusion of the Caraway Package Protection is Deceptive Under the Reasonable Consumer Standard.**

Defendant's remaining argument relies on speculation as to how a reasonable consumer would perceive the pre-selected Caraway Package Fee line item. *See* Mot. *generally*. As described above, this argument is unfounded, and, more importantly, premature on a motion to dismiss. *See Hudson Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767, at *3-4 (C.D. Cal. May 19, 2025).

Whether a reasonable consumer would understand that a pre-selected, line item appearing in their shopping cart, purporting to offer "shipping protection" is optional is a determination that should be resolved on the evidence—not the pleadings. *See Williams*, 552 F.3d at 938. Given Plaintiff's detailed and plausible allegations of deception, this case does not present the "rare situation" where dismissal for failure to adequately allege a "reasonable consumer" would be deceived. *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 WL 1245130, at *9 (N.D. Cal. Mar. 16, 2020) (quoting *Williams*, 552 F.3d at 939). This is because evaluating Defendant's automatic inclusion of the Caraway Package Protection's "capacity, likelihood or tendency to deceive or confuse" requires "consideration and weighing of evidence from both sides[,]" which is not possible at the pleading stage. *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–34 (2007).

Defendant's own interpretation as to how a consumer perceives the pre-selected, automatically-added Caraway Package Fee to their cart does not control. The critical question here is what message that fee—a charge for "shipping protection" pre-selected in the cart—conveys to a reasonable consumer. The Ninth Circuit has held, if "there are two alternative explanations, once advanced by the defendant and the other advanced by the plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under 12(b)(6)." *Steinberg v. Icelandic Provisions, Inc.*, 2022 WL 220641, *5 (N.D. Cal. Jan 25, 2022) (citing *Starr*, 652 F.3d at 1216). In fact, at this stage, dismissal

is only appropriate if, "[v]iewing the facts in the light most favorable to plaintiff," it is "'***impossible*** for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010) (quoting *Williams*, 552 F.3d at 939) (emphasis added).

Plaintiff's allegations are unequivocal. Unbeknownst to her, the checkout process surreptitiously added a $19.50 Caraway Package Fee to her order. *Compl.* ¶ 79. Plaintiff would not have paid that fee had she known it was optional rather than mandatory. *Id.* ¶ 80.

Finally, Defendant has not contested that the Caraway Package Fee is a junk fee that provides little to no value and is duplicative of the free shipping Plaintiff Trevino was already promised.[4] By failing to respond to this allegation, Defendant has waived any argument to the contrary.

For all the reasons above, Defendant's Motion should be denied.

### IV. Plaintiffs State Viable Claims for Restitution Under UCL and Unjust Enrichment.

Lastly, Defendant briefly contends that Plaintiffs' claims for restitution fail because they "have not pled that the items they received from Caraway were worth anything less than what they paid." Mot. at 12. This assertion is both inaccurate and unsupported by the allegations in the Complaint.

First, Plaintiff Trevino has specifically alleged that the Caraway Package Fee constitutes a "junk fee" that provides no meaningful value beyond shipping—an expense already represented as free. *Compl.* ¶¶ 52–54. As such, she did not receive the full value of what she paid.

[4] Plaintiff's reliance on the phrase "to help the planet & get streamlined resolution" does not establish the legitimacy of the fee. Moreover, the suggestion that "helping the planet" bears any meaningful connection to a purported "insurance service" is vague, internally inconsistent, and only further undermines the fee's legitimacy.

Second, Plaintiff Hampton has alleged that the prices she paid were inflated due to Defendant's use of fictitious reference pricing. She alleges that: (1) the "original price that does not represent . . . what the collections of the items in the set are worth." *Id.* ¶34; and (2) consumers who purchase Caraway products "will all overpay . . . due to Defendant's overvaluation of its products." *Id.* ¶ 44. These allegations directly support the claim that the products were worth less than the amount paid, thereby satisfying the restitution element under both the UCL and unjust enrichment.

Accordingly, the Motion to Dismiss should be denied in its entirety.

## CONCLUSION

It is well settled that "price advertisements matter." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013). "There is a reason" companies "use reference pricing: it makes consumers think they are getting a deal." *Chester v. TJX Companies, Inc.*, 2016 WL 4414768, at *11 (C.D. Cal. Aug. 18, 2016). "When these reference prices are misleading, the consumer suffers an obvious economic injury." *Id.* (cleaned up). "Anyone who says differently is selling something." *Id.*

For all the reasons mentioned above, the Court should enter an order denying the Motion in its entirety. To the extent the Court grants the Motion to Dismiss in part or in its entirety, Plaintiffs seek leave to amend.

Dated: August 25, 2025

Respectfully submitted,

By: /s/ Scott Edelsberg

**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330090)
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel: (305) 975-3320
scott@edelsberglaw.com

Gabriel Mandler*
**Edelsberg Law, P.A.**
20900 NE 30th Ave., Suite 417

Aventura, FL 33180
Tel: 786-200-4316
gabriel@edelsberglaw.com

Leanna A. Loginov*
**Shamis & Gentile, P.A.**
14 NE 1st Ave., Suite 705
Miami, FL 33132
Tel: 305-479-2299
lloginov@shamisgentile.com

* *Pro Hac Vice forthcoming*

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this memorandum of points and authorities contains 5,803 words, which complies with the word limit of L.R. 11-6.1.

*s/ Scott Edelsberg*
Scott Edelsberg

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 25, 2025, I caused a true and correct copy of the foregoing to be served on all counsel of record in this action via CM/ECF.

*/s/ Scott Edelsberg*
Scott Edelsberg