UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

Present: The Honorable    MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

Proceedings:    (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS [19]

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint. ECF 19 The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The September 22, 2025, hearing is therefore **VACATED**. For the reasons stated herein, the Court **DENIES** the Motion.

I.    **BACKGROUND**

Plaintiffs Erica Hampton ("Hampton") and Vanessa Trevino ("Trevino") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, filed this false advertising case against Caraway Home, Inc. ("Defendant"). ECF 1.

Defendant makes and sells hybrid and specialty cookware products. *Id.* ¶ 10. Defendant allegedly advertises false prices and fictious savings for dozens of its products on its website. *Id.* ¶ 15. Various products on Defendant's website show a "strikethrough" price to reflect the discounted sale. *Id.* ¶ 30. According to a screenshot of Defendant's website included in Plaintiffs' complaint, when a customer clicks the "i" icon next to the strikethrough price, a dropdown box appears describing the strikethrough price as the "Set Value." *Id.* This box does not appear, however, on the initial price display if the user does not click the information icon. *Id.* ¶ 45. Plaintiffs allege that this "false reference pricing scheme . . . misleads consumers to believe that the value of [Defendant's] products are higher than they really are and that the discounts are greater than what they are." *Id.* ¶ 32. The discounts Defendant advertises are not true discounts because the "original" price (i.e., the "strikethrough" price) does not represent the price at which Defendant regularly sold the item in the normal course of business. *Id.* ¶ 34.

In or around May 2022, Hampton bought several of Defendant's products that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

advertised as being on sale and/or object to a substantial discount value savings. *Id.* ¶¶ 11, 68. Hampton relied on Defendant's representations and believed that she would receive a substantial discount from the regular price. *Id.* ¶¶ 12–13, 70–71. The discounted rate, however, was not accurate because the product Hampton purchased "is always available at the discounted rate." *Id.* ¶¶ 14, 72. Plaintiffs allege that the Cookware Set she purchased continues to be sold at the same "discounted" price nearly three years after her purchase. *Id.* ¶ 72.

Defendant also claims to offer free shipping on purchases exceeding $90, but it surreptitiously adds a "Caraway Package Protection" fee to all orders. *Id.* ¶ 17. This fee actually covers shipping (i.e., the cost of having merchandise delivered to a customer's home) and is deceptively added late in the ordering process. *Id.* ¶ 55. The fee is automatically added to a customer's cart, and according to Plaintiffs, Defendant does not provide notice to consumers that it may be removed. *Id.* ¶ 18.

In or around November 2024, Trevino purchased several products from Defendant's website. *Id.* ¶ 75. Trevino alleges that she purchased several products to reach the free shipping threshold but was assessed a "hidden shipping charge" for which she did not bargain for or know about. *Id.* ¶¶ 19, 77.

On March 10, 2025, Plaintiffs filed a Class Action Complaint in Los Angeles County Superior Court, alleging claims under California's Unfair Competition Law ("UCL"), California's Consumer Legal Remedies Act ("CLRA"), California's False Advertising Law ("FAL"), and two claims for unjust enrichment. ECF 1-2. Plaintiffs brought this action on behalf of two proposed classes, defined as follows:

> **False Reference Class**: All individuals and entities in California who are "consumers" within the meaning of California Civil Code § 1761(d) and who, within the applicable statute of limitations period, purchased on or more Caraway products on Caraway's website that were falsely advertised as discounted or subject to savings.

> **Package Protection Fee Class**: All individuals and entities in California who are "consumers" within the meaning of California Civil Code § 1761(d) and who, within the applicable statute of limitations period, purchased one or more Caraway products on Caraway's website and were assessed a so-called "Caraway Package Protection" Fee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

*Id.* ¶ 85. Hampton brings FAL, CLRA, UCL, and unjust enrichment claims on behalf of the False Reference Pricing Class, and Trevino brings the same claims on behalf of the Package Protection Fee class. *See generally* ECF 1-2.

On April 16, 2025, Defendant removed the action to federal court under 28 U.S.C. § 1332(d) on the grounds that there is minimal diversity between the parties, a class of at least 100 members, and an amount in controversy of over $5,000,000.

On July 23, 2025, Defendant moved to dismiss Plaintiffs' Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6), arguing the allegations fail to establish deception under applicable standards. ECF 19. Defendant concurrently filed a Request for Judicial Notice.[1] ECF 19-1. Plaintiffs oppose Defendant's Motion to Dismiss. ECF 21.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. "On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] Defendant requests that the Court take judicial notice of a screenshot from Defendant's website, specifically the checkout page showing that the "Caraway Package Protection" Fee is presented as an optional add-on. ECF 17-2. Defendant argues that the Court should take judicial notice of the screenshot because it is a publicly available website referenced in Plaintiff's complaint and its contents are not subject to dispute. *Id.* Plaintiffs oppose the request, arguing the screenshot is not sufficiently authenticated and because Defendant has not established that Trevino was shown this webpage during checkout. Defendant essentially asks the Court to take judicial notice of facts that dispute Plaintiffs' factual allegations. Defendant's Request for Judicial Notice is therefore **DENIED**. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.   DISCUSSION

####   A.   Statutory Claims

Defendant argues that Plaintiffs' statutory claims each fail because the alleged conduct is not likely to mislead a reasonable consumer. ECF 19-1 at 4. "Under California law, claims under the [FAL], [CLRA], and [UCL] are governed by the reasonable consumer test." *Lemus v. Rite Aid Corp.*, 613 F. Supp. 3d 1269, 1279 (C.D. Cal. 2022) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). Under the reasonable consumer standard, a plaintiff must "show that members of the public are likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quotations omitted).

Generally, "whether a reasonable consumer would be deceived . . . [is] a question of fact not amenable to determination on a motion to dismiss." *Lemus*, 613 F. Supp. 3.d at 1279 (citation omitted); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (recognizing "reasonable consumer standard . . . raises question of fact that are appropriate for resolution on a motion to dismiss only in rare situations") (cleaned up).

####     1.    *Hampton's Claims on Behalf of "False Reference Pricing Class"*

Defendant first argues that the price displays on its website are not "former price comparisons," but instead "permissible statements of comparative value that are not misleading to a reasonable consumer." ECF 19-1 at 9. Defendant relies on the Federal Trade Commission's ("FTC") Pricing Guide, which "distinguish[es] between 'former price comparisons,' 'retail price comparisons,' and 'comparable value comparisons.'" *Horosny v. Burlington Coat Factory of California, LLC*, No. CV1505005SJOMRWX, 2015 WL 12532178, at *5 (C.D. Cal. Oct. 26, 2015) (citing 16 C.F.R. §§ 233.1, 233). Defendant asserts that the dropdown box informs customers that the strikethrough price reflects the "set value," which a reasonable consumer would understand to be a "comparable value comparison under section 233.2(c) rather than a former price comparison under section 233.1." ECF 19-1 at 10. Plaintiffs respond that the "set value" language does not appear on the initial display shown to consumers, and that such language does not mitigate the deceptive nature of the strikethrough pricing. ECF 21 at 12–14.

The Court determines that Plaintiffs have adequately pled that members of the public are likely to be deceived by Defendant's pricing displays. Courts have routinely denied motions to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

dismiss similar claims, reasoning that "the allegations are sufficient to establish that Plaintiffs understood the strike-through price to be YMI's former price for the items, as would a reasonable consumer." *Real v. Y.M.I. Jeanswear, Inc.*, No. EDCV170870JGBDTBX, 2017 WL 11675686 (C.D. Cal. Sept. 1, 2017); *see also Paya v. Macy's Inc.*, No. 2:24-CV-10065-JLS-PD, 2025 WL 2019220, at *4 (C.D. Cal. July 1, 2025) ("Plaintiff has plausibly alleged that reasonable consumers would see the strikethrough reference price and "Last Act-Final Sale" label depicted on the product page (the front-label analog) as an unambiguous representation that the reference price is the price at which Defendant had recently sold the item."); *Jacobs v. La-Z-Boy Inc.*, No. 2:24-CV-04446-JLS-AS, 2024 WL 5194976, at *4 (C.D. Cal. Nov. 14, 2024) (recognizing that strikethrough price on website could "suggest to a reasonable consumer that the listed non-discount price is the price a customer would previously have had to pay and that comparable discounts are not always available"). Although Defendant's website does not expressly describe the strikethrough price as an "original" or "former" price, that is not dispositive. *Jacobs*, 2024 WL 5194976 at * ("[T]he FTC Guidelines . . . recognize that former price comparisons can be set in an advertisement 'whether accompanied or not by descriptive terminology.'" (citing 16 C.F.R. § 233.1)). "By alleging that products on Defendant['s] websites listed crossed-out prices followed by a percentage discount and a new price, Plaintiff has provided enough facts such that it is plausible a reasonable consumer could view the prices as being deceptive." *Munning v. Gap, Inc.*, No. 16-CV-03804-TEH, 2016 WL 6393550 (N.D. Cal. Oct. 28, 2016).

Whether or not the display box identifying the strikethrough price as the "Set Value"—which is not immediately visible on the pricing display page—is sufficient to dispel the potential deception is a question of fact not suitable for resolution at this stage. Defendant's website does not use the FTC's recognized terms of "Comparable Value," or "Retail Value, My Price," and there is no other indication that the strikethrough price is a "comparative value representation." Taking the allegations in the light most favorable to Plaintiffs, the Court cannot conclude that a reasonable consumer would necessarily understand that the ambiguous reference to "Set Value" reflects a comparable value or retail comparison (rather than a former price comparison). This precludes Defendant from relying on the purported "disclosure" to defeat Plaintiffs' claims at the motion-to-dismiss stage.

The Court therefore **DENIES** Defendant's Motion to Dismiss as to the UCL, CLRA, and FAL claims brought on behalf of the False Reference Pricing Class (First, Third, and Fifth Claims for Relief).

    **2.**    *Trevino's Claims on Behalf of "False Reference Pricing Class"*

Defendant next argues that the Package Protection Fee is not likely to mislead consumers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

because it is "explicitly optional," and consumers may opt out by unchecking the box next to the line item. ECF 19-1 at 11–12. Defendant relies on *In re Amazon Service Fee Litigation*, No. 2:22-cv-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024), to argue that an optional fee that was disclosed to Trevino cannot support claims of deception. Plaintiffs respond that the Package Protection fee is tantamount to a "negative option" feature by which Defendant surreptitiously charges customers by default without requiring affirmative consent. ECF 21 at 18–19. Plaintiffs further argue that the fee is not conspicuously disclosed, it appears to consumers to be mandatory, and the means for opting out are not sufficiently clear. *Id.*

The Court concludes that Plaintiffs sufficiently allege that reasonable consumers are likely to be deceived by the addition of Package Protection fee. Defendant advertises free shipping on orders exceeding $90.00, automatically adds the Caraway Package Protection as a line item in a customer's shopping cart on the checkout page without disclosing that the item has been added, does not clearly disclose that the fee is optional, and allows customers to opt out of the fee by unchecking a checkbox appearing beneath the "Total" cost on the checkout page. ECF 1-2 at ¶¶ 47–49. Viewing these facts in the light most favorable to Plaintiffs, a reasonable consumer could be deceived by the addition of the fee and whether it is mandatory. *Consentino v. Bridgestone Retail Ops., LLC*, No. 0:24-CV-60703, 2024 WL 3983985, at *3 (S.D. Fla. Aug. 29, 2024) ("[A]llegations of businesses automatically adding undisclosed optional fees, or "negative options" without alerting consumers, have been found sufficient to constitute deceptive or unfair practice under [state consumer protection laws]."). Defendant's assertion that the fee is sufficiently conspicuous, and the option to opt out of the fee sufficiently clear, are questions of fact not amenable to resolution on its Motion to Dismiss. *Id.*[2]

The Court is not persuaded by Defendant's attempt to liken this case to *In re Amazon Service Fee Litigation*, No. 2:22-cv-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024). In that case, the plaintiffs alleged that Amazon "engage[ed] in bait-and-switch advertising and drip pricing . . . by not disclosing the $9.95 service fee along with the advertised price of the Whole Foods grocery items and by obscuring the service fee during the check-out process." *Id.* at *8. The court rejected Plaintiff's theory, reasoning that the delivery service fee was only applied to those customers who opted for delivery rather than pick-up and the fee was conspicuously disclosed on two separate pages in the check-out process. *Id.* Here, on the other hand, Plaintiffs do not allege that Defendant "lures customers into purchasing grocery items at a perceived low price" and later switches the price by tacking on the service fee. *Id.* Rather,

---

[2] Because the Court finds that Plaintiff adequately alleges that the fee is misleading to a reasonable consumer, it does not reach whether it meets the definition of a "junk fee" or "drip pricing."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

Plaintiffs allege that Defendant advertises *free shipping*, then automatically adds by default what appears to be a mandatory fee that covers the cost of shipping. ECF 1-2 ¶¶ 54–56. Although the parties agree that the consumers can opt out of the Package Protection fee, whether the means of doing so are sufficiently obvious to a reasonable consumer is not a question the Court may resolve at this juncture.

The Court therefore **DENIES** Defendant's Motion to Dismiss as to the UCL, CLRA, and FAL claims brought on behalf of the Package Protection Fee Class (Second, Fourth, and Sixth Claims for Relief).

    **B.**    **Restitution**

Defendant also argues that Plaintiffs have not adequately pled an injury in fact to support a claim for restitution under their unjust enrichment, UCL, and FAL claims.

As to the Package Protection fee claims, Plaintiffs have adequately alleged that Trevino paid the fee that provided no meaningful value apart from a shipping—a service Defendant represented as free. That fee allegedly conferred an unfair benefit onto Defendant, thereby entitling Trevino to recover that amount in restitution. ECF 1-2 ¶ 181–85.

As to the False Reference Pricing claims, Plaintiffs allege that Defendant's pricing advertisements "artificially increase consumer demand for its products," which allows Defendant to "charge a price premium for its products that it would not be able to charge absent the misrepresentations" Plaintiffs challenge. *Id.* ¶ 36. Those allegations "sufficiently plead[] that Defendant[] received money from sales of [its] merchandise due to the deceptive scheme, resulting in unjust enrichment." *Real*, 2017 WL 11675686, at *6. Contrary to Defendant's assertions, "a price/value differential is not the only way to measure restitution in an action asserting claims under the UCL, FAL, or CLRA," and whether Plaintiffs can prove entitlement to monetary relief "is a question better addressed at a later stage of litigation." *Jacobs*, 2024 WL 5194976 at *5.

The Court therefore **DENIES** Defendant's Motion to Dismiss as to Plaintiffs' claims for restitution.

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03489-MRA-MAR | Date | September 12, 2025 |
|---|---|---|---|
| Title | *Erica Hampton et al. v. Caraway Home, Inc.* | | |

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss [19].

**IT IS SO ORDERED.**

                \_\_\_\_ : \_\_\_\_

Initials of Deputy Clerk   mku